FRED W. ALLNUTT, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RespondentAllnutt v. CommissionerDocket No. 9225-89United States Tax CourtT.C. Memo 1991-6; 1991 Tax Ct. Memo LEXIS 6; 61 T.C.M. (CCH) 1636; T.C.M. (RIA) 91006; January 14, 1991, Filed *6 An appropriate order and decision will be entered. Based on the inadequacy of the petition, the Court previously dismissed this case with regard to all issues for which petitioner bears the burden of proof, leaving only the issue of fraud to be tried or otherwise disposed of. Based on the inadequacy of petitioner's reply to respondent's answer, the Court previously deemed admitted under Rule 37(c) 42 allegations relating to fraud contained in that answer. This proceeding concerns only respondent's motions for partial summary judgment and for imposition of a penalty under section 6673 and petitioner's cross-motion for summary judgment. Held: Respondent is entitled to the addition to tax for fraud provided for in section 6653(b), having adequately pled fraud and, considering the facts deemed admitted pursuant to Rule 37(c), having carried his burden of showing by clear and convincing evidence both an underpayment and that some portion of that underpayment was due to fraud with intent to evade tax. Held further: A penalty of $ 25,000 is imposed under section 6673, petitioner's "tax-protestor" arguments being considered frivolous and groundless and this proceeding having*7 been instituted primarily for delay. Fred W. Allnutt, pro se. Robert E. Williams, Jr., for the respondent. HALPERN, Judge. HALPERNMEMORANDUM OPINION This matter is before us on two motions made by respondent and one motion made by petitioner. Respondent's motions are, one, for partial summary judgment and, two, for imposition of a penalty under section 6673. 1 Petitioner's motion is for summary judgment. Because of the unusual procedural history of this case, once we have disposed of those motions, we will have nothing further required of us other than to enter a decision for respondent. *8 Background The procedural history of the case is as follows: Deficiencies DeterminedRespondent, by notice dated February 7, 1989, determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to TaxSectionSectionSectionYearDeficiency6653(b)(1)*6653(b)(2)**66541981$ 285,863$ 142,932none$ 21,9041982201,670100,83550% of interest19,634due on $ 201,6701983188,51494,25750% of interest11,536due on $ 188,5141984166,21283,10650% of interest10,450due on $ 166,2121985144,31672,15850% of interest8,261due on $ 144,3161986951,749713,81250% of interest45,997due on $ 951,749PetitionPetitioner initially filed a petition to commence this case on May 5, 1989. On June 6, 1989, respondent filed a motion*9 to dismiss for failure to state a claim upon which relief can be granted, alleging that the petition was based on specious, tax-protestor type arguments. We agreed and ordered petitioner to file an amended petition. Petitioner did so. The amended petition, however, failed to comply with our order and our rules of pleading. We then granted respondent's motion to dismiss with regard to all issues on which petitioner has the burden of proof and restored the case to the general docket for trial or other disposition with respect to issues on which respondent bears the burden of proof. Our order further recited that a decision would be entered as to that portion of the deficiency relating to those issues for which petitioner bears the burden of proof after trial or other disposition of those issues for which respondent bears the burden of proof. AnswerOn May 11, 1990, respondent filed an answer containing 42 allegations of fact relating to the addition to tax for fraud under section 6653(b). The answer also raised, for the first time, and as an alternative to the addition for fraud, claims for additions to tax for negligence under section 6653(a) and for failure to file under*10 section 6651(a)(1). Petitioner failed to file an adequate reply and, on August 22, 1990, we granted respondent's motion, made pursuant to Rule 37(c), that the undenied allegations of fact set forth in paragraphs 6, 7, and 8 of the answer be deemed admitted. The allegations in paragraphs 6, 7, and 8 relate, respectively, to respondent's additions to tax for fraud, negligence, and failure to file. Since, today, we uphold respondent's additions for fraud, the allegations relating thereto are the only ones that we need set forth. Those allegations (the allegations of paragraph 6) are as follows: FURTHER ANSWERING the amended petition, and in support of the determination that the underpayment of tax which the petitioner was required to show on his income tax returns for the taxable years 1981, 1982, 1983, 1984, 1985 and 1986 is due to fraud, the respondent alleges: a. The petitioner is a United States citizen. b. During the years in issue and continuing through the present, the petitioner has resided in the State of Maryland. c. The petitioner's Social Security Number is 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. d. During the years in issue, the petitioner was married. e. The petitioner timely*11 filed 1979 and 1980 U.S. Individual Income Tax Returns. f. The petitioner did not file a U.S. Individual Income Tax Return for any of the years in issue. g. During the years in issue, the petitioner was self employed. h. During the years in issue, the petitioner owned an unincorporated land excavation contracting business and also owned Fred W. Allnutt, Inc., an incorporated land excavation contracting business. i. During the taxable year 1981, the petitioner had taxable income of $ 433,059.00. j. During the taxable year 1982, the petitioner had taxable income of $ 409,575.00. k. During the taxable year 1983, the petitioner had taxable income of $ 386,090.00. l. During the taxable year 1984, the petitioner had taxable income of $ 342,223.00. m. During the taxable year 1985, the petitioner had taxable income of $ 298,355.00. n. During the taxable year 1986, the petitioner had taxable income of $ 1,913,176.00. o. During the years in issue, the petitioner was subject to U.S. Individual income tax on his taxable income. p. The petitioner failed to maintain, or submit for examination by the respondent, complete and adequate books of account and records of his income*12 producing activities for each of the taxable years 1981, 1982, 1983, 1984, 1985, and 1986, as required by the applicable provisions of the Internal Revenue Code of 1954 and 1986, and respective regulations promulgated thereunder. q. That the amount of the petitioner's gross taxable income, deductions and other items required to be shown on his income tax returns for each of the taxable years 1981, 1982, 1983, 1984, 1985 and 1986 cannot be determined from the books and records which the petitioner maintained and submitted for examination by the respondent, as is shown by the following facts: 1. The petitioner failed to file U.S. individual income tax returns for the years in issue. 2. The petitioner, although aware of the record keeping requirements, willfully failed to maintain or refused to provide the respondent's revenue agent with books and other records of account with respect to his income during the years at issue. r. The respondent has determined the petitioner's correct taxable income for tax years 1981 through 1986 using the specific item method for some years and using estimates based upon arithmetical extrapolations of known income amounts for other years. s. *13 The petitioner had no tax withholdings and made no estimated tax payments during any of the years in issue. t. The petitioner was the president of Fred W. Allnutt, Inc. during the years in issue. u. The petitioner was the sole shareholder of Fred W. Allnutt, Inc. during the years in issue. v. The petitioner had primary control over the bookkeeping and accounting functions of Fred W. Allnutt, Inc. during the years in issue. w. Petitioner had primary control over the amount of funds disbursed to him by Fred W. Allnutt, Inc. during the years in issue. x. Petitioner had primary control over the way in which payments made to him by Fred W. Allnutt, Inc. were characterized and accounted for during the years in issue. y. The petitioner received payments of money by check and cash from Fred W. Allnutt, Inc. during the years in issue. z. During the years in issue, personal expenses of the petitioner were paid by Fred W. Allnutt, Inc.aa. The petitioner received income from Fred W. Allnutt, Inc. during the years in issue. ab. Fred W. Allnutt, Inc. did not file with the Internal Revenue Service any Forms W-2 reflecting amounts paid to or for petitioner during the years in issue. *14 ac. Fred W. Allnutt, Inc. did not file with the Internal Revenue Service any Forms 1099 reflecting amounts paid to or for petitioner during the years in issue. ad. The decision was willfully made by petitioner for Fred W. Allnutt, Inc. to not file any Forms W-2 or Forms 1099 reflecting amounts paid to petitioner during the years in issue, even though petitioner knew that Fred W. Allnutt, Inc. was required to file said forms. ae. The Forms 1120, U.S. Corporation Income Tax Return, filed by Fred W. Allnutt, Inc. for taxable years ending August 31, 1981; August 31, 1982; and August 31, 1983 do not reflect any compensation paid to petitioner. af. The decision for Fred W. Allnutt, Inc. to not reflect any compensation paid to petitioner during the corporate taxable years ending August 31, 1981; August 31, 1982; and August 31, 1983 on its returns for those years was willfully made by petitioner. ag. Fred W. Allnutt, Inc. did not file U.S. Corporation Income Tax Returns for tax years ending after August 31, 1983. ah. The decision for Fred W. Allnutt, Inc. to stop filing Corporation Income Tax Returns was willfully made by petitioner. ai. During all or some of the years in issue, *15 petitioner placed a portion of his assets in trusts. aj. The decision made by petitioner for Fred W. Allnutt, Inc. not to file Forms W-2 and Forms 1099; not to reflect compensation paid to petitioner on the corporate tax returns of Fred W. Allnutt, Inc.; and to stop filing corporate tax returns for Fred W. Allnutt, Inc., were fraudulent with the intent to evade tax. ak. The trust created by petitioner during all or some of the years in issue used names other than the petitioner's name. al. During all or some of the years in issue, the petitioner concealed assets by placing them in trusts with fictitious names. am. The petitioner fraudulently failed to report his taxable income for his 1981 through 1986, inclusive, taxable years in the amounts of $ 433,318.00; $ 409,834.00; $ 386,349.00; $ 342,482.00; $ 298,644.00; and $ 1,913,238.00, respectively, with the intent to evade the payment of taxes on such income in each respective year. an. The petitioner's failure to maintain and produce complete and adequate records of his income producing activities for respondent in connection with the examination of his income tax returns for the taxable years 1981 through 1986; his consistent*16 pattern of failing to file returns for taxable years 1981 through 1986; his consistent pattern of failing to report substantial amounts of income during taxable years 1981 through 1986; his manipulation of Fred W. Allnutt, Inc. to conceal compensation paid to him; his use of trusts; and his concealment of assets was fraudulent with the intent to evade tax. ao. The petitioner failed to report his income tax liability for 1981 through 1986, inclusive, in the amounts of $ 285,863.00; $ 201,670.00; $ 188,514.00; $ 166,212.00; $ 144,316.00; and $ 951,749.00, respectively. ap. All or part of the underpayment of tax required to be shown on petitioner's income tax returns for each of his 1981 through 1986, inclusive, taxable years is due to fraud with the intent to evade tax. Respondent's Motions for Summary Judgment and for Imposition of a PenaltyOn September 19, 1990, respondent filed motions for summary judgment and requesting imposition of a penalty under section 6673. Respondent's motion for summary judgment requests our determination that petitioner is liable for additions to tax for fraud or, in the alternative, negligence and failure to file. On October*17 15 petitioner filed a response to respondent's motions. Petitioner's response addresses neither the substance of respondent's allegations of fraud, negligence, and failure to file nor petitioner's procedural difficulties resulting from the deemed admissions in respondent's answer. The response only rehashes "protestor" type arguments previously made by petitioner and rejected by this Court. Setting forth petitioner's conclusion from his response serves to illustrate the nature of the arguments made by petitioner in his response. That conclusion is as follows: Conclusion In summary, because of the failure of the Secretary and the Commissioner to comply with the legal requirements imposed on federal agencies by the APA [Administrative Procedures Act], the ability of both to proceed adversely against American citizens appears very questionable. However, another explanation for the failure of these agencies to so comply with the APA is based upon the fact that both appear to have only an international jurisdiction. If they both had only this type of jurisdiction, then neither would publish the things mandated by the APA. When other data is considered such as the unpublished*18 manuals or the I.R.S., it becomes quite evident that such jurisdiction is all that these agencies have. With such limited jurisdiction, neither have any authority to proceed adversely herein against the petitioner. The PRA [Paperwork Reduction Act] absolutely supports this view. All tax regulations and forms which demand information from anyone must bear and display O.M.B. control numbers. When all the tax regulations in part 602 which bear the same control number for Form 1040 are listed, one can see all the regulations which support the form. The PRA requires someone to only provide that information which has been approved by OMB as evidenced by the display of control numbers. When these regulations which have been approved are all analyzed, it is seen that the only information which anyone must provide is that relating to income derived from options, and the only citizens which must do so are those living in the insular possessions. This will remain the case until the Secretary and the Commissioner properly subject to the clearance process of the PRA all the other tax regulations in 26 C.F.R. For these reasons, the Respondent's Motion for Summary Judgment is due to be denied. *19 Petitioner accompanied his response with an affidavit in which he denies that he has admitted any facts and denies that he had any income derived from options. His affidavit further states that the regulation at section 1.6091-2, Income Tax Regs., has no O.M.B. control number and never has had one. Petitioner's Cross Motion for Summary JudgmentOn November 28, 1990, petitioner filed a motion for summary judgment styled "Petitioner's Cross Motion for Summary Judgment." The judgment requested by petitioner is that respondent is not entitled to any additions to tax for fraud, negligence, or failure to file. Petitioner's motion is accompanied by a memorandum stating that petitioner's motion is supported by the same arguments made in his reply to respondent's motion for summary judgment. We will not again repeat those arguments. Discussion Respondent's Motion for Summary JudgmentRespondent's motion for summary judgment requests our determination that petitioner is liable for additions to tax for fraud or, in the alternative, negligence and failure to file. A summary adjudication is appropriate if the pleadings, any answers to interrogatories, depositions, *20 admissions, or any other acceptable materials, together with affidavits (if any), show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). Partial summary adjudication may be made which does not dispose of all issues in the case. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). As will be shown, here there is no genuine issue as to any material fact. There being no such genuine issue of fact, a decision may be rendered as a matter of law. Because we determine that petitioner is liable for additions to tax for fraud, we need not address respondent's alternative claims relating to negligence and failure to file. Our reasons for concluding that here there is no genuine issue as to any material fact are as follows. The addition to tax for fraud is provided for in section 6653(b). The addition to tax for fraud is a civil sanction provided primarily for the protection of the revenue and to reimburse respondent for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401, 82 L. Ed. 917, 58 S. Ct. 630 (1938); Brooks v. Commissioner, 82 T.C. 413, 430-431 (1984), *21 affd. without published opinion 772 F.2d 910 (9th Cir. 1985).Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Moore v. United States, 360 F.2d 353, 355 (4th Cir. 1965); Powell v. Granquist, 252 F.2d 56, 60 (9th Cir. 1958); Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941); Marshall v. Commissioner, 85 T.C. 267, 272 (1985).Because petitioner has assigned error to respondent's determination of fraud, and because respondent has the burden of proof with regard to that issue, respondent affirmatively must plead fraud in his answer and support that pleading by showing the facts in support thereof on which he relies. Rule 36(b). Doncaster v. Commissioner, 77 T.C. 334, 336-338 (1981).Besides such adequate pleading, respondent has the burden of proving by clear and convincing evidence that some underpayment of tax occurred in each year in issue and that some portion of each underpayment was due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b). We will discuss each of those elements in turn. Adequacy of Pleading. In his answer, respondent clearly alleges fraud (paragraph 6am.-6ap.) and sets*22 out the particulars thereof on which he relies (paragraph 6a.-6al.). Petitioner has not denied that such an allegation is made nor has he, by affidavit or otherwise, adequately (if at all) called into question the particulars thereof. Thus, we conclude that respondent has satisfied the requirements of Rule 36(b) that in his answer he both affirmatively plead fraud and include facts in support thereof on which he relies. Existence of an Underpayment. Petitioner has failed to carry his burden of showing error in respondent's determinations of deficiencies. 2 Petitioner's failure, however, does not equal respondent's success. See Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989) ("Respondent cannot rely on the taxpayer's failure to prove error in respondent's determination to meet his burden of proving fraud.") Respondent must, as stated above, by clear and convincing evidence, show some underpayment for each year in issue. Pursuant to Rule 37(c), the allegations of fact set forth in paragraph 6 of respondent's answer have been deemed admitted. Petitioner has not, by affidavit or otherwise, overcome those deemed admissions. Those deemed admissions clearly and convincingly*23 show underpayments for each year in issue. See, generally, paragraphs 6f.-6am. and, in particular, paragraph 6ao. Where deemed admissions clearly and convincingly establish fraud, we have found that sufficient to satisfy respondent's burden and have not required respondent to present affirmative evidence of fraud independent of the deemed admissions. See Marshall v. Commissioner, 85 T.C. 267, 272-273 (1985); Doncaster v. Commissioner, supra.Underpayments Due to Fraud. The deemed admissions also satisfy respondent's burden of proof that, by clear and convincing evidence, some portion of each underpayment is due to fraud. See, generally, paragraphs 6f. - 6al. and, in particular, paragraphs 6am. - 6ap. Among other recognized indicia of fraud, the deemed admissions establish the following: *24 (1) that petitioner willfully failed to maintain or to supply respondent's revenue agent with books and records pertaining to his income for the years in issue (see paragraphs p. and q.); (2) that petitioner fraudulently concealed assets by placing them in trust under fictitious names (see paragraphs ai., ak., and al.); (3) that petitioner failed to file returns reporting income (see paragraphs f. and am.); and (4) that petitioner willfully caused his corporation to file returns which failed to reflect compensation paid to him (see paragraphs x.-af. and aj.). See Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. a Memorandum Opinion of this Court. As with regard to establishing petitioner's underpayments, respondent need not present affirmative evidence (exclusive of the admissions) that some portion of each underpayment is due to fraud where the deemed admissions clearly and convincingly establish that proposition. See Marshall v. Commissioner, supra, and Doncaster v. Commissioner, supra.As stated above, for us to grant respondent's motion for summary judgment, we must determine that, based on the pleadings, affidavits, and other acceptable*25 documents, there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. We have analyzed the elements necessary here to establish fraud and, with regard to each, have found either that respondent has adequately plead that element or has met his burden of proof, as appropriate. In doing so, we have considered not only petitioner's affidavit but also his reply to respondent's motion for summary judgment and the other documents and pleadings submitted by petitioner. Having thus separately considered the elements necessary here to establish fraud, we are able to conclude that respondent has carried his burden of proof with regard to the additions to tax for fraud. There are no genuine issues as to any material facts. Respondent is entitled, as a matter of law, to a decision so providing. Petitioner's Motion for Summary JudgmentPetitioner's motion for summary judgment requests our determination that petitioner is not liable for additions to tax for fraud, negligence, or failure to file. The reasons that support our granting respondent's motion equally support our denying petitioner's motion, and we will so deny it. Motion*26 for Imposition of a Penalty under Section 6673. Respondent has by motion asked that we impose upon petitioner the penalty provided for in section 6673. Section 6673 provides in relevant part that: Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Respondent has asked that we impose that penalty in its maximum amount, viz, $ 25,000. We conclude based on the record in this case that petitioner's position in this proceeding is both frivolous and groundless and that this proceeding was instituted by him primarily for delay. While we are normally reluctant to impose a penalty under section 6673 in fraud cases, the record in this case establishes that petitioner has had no interest in disputing either the deficiencies or additions to tax determined by respondent. Petitioner*27 has never addressed the substantive issues in this case, which relate to the correct determination of his income and deductions for the years in issue and various additions to tax. Instead, petitioner has, among other tax-protestor arguments, asserted that, although born in the State of Maryland, a citizen of that State during the taxable years here in issue, and deriving income from sources within the jurisdiction of that State, he had no income derived from any source within the taxing jurisdiction of the United States. Petitioner also has argued that, for failure of certain Treasury regulations to display O.M.B. control numbers, the only information that anyone must provide on a tax return is information relating to income derived from options, and the only citizens who must do so are those living in insular possessions. Such assertions involve frivolous, discredited, and meritless issues that have resulted in a needless delay in this proceeding, and the unwarranted waste of valuable governmental and judicial resources. We are fully justified in imposing the penalty provided for in section 6673. See Derksen v. Commissioner, 84 T.C. 355 (1985); Abrams v. Commissioner*28 , 82 T.C. 403 (1984); Marryat v. Commissioner, T.C. Memo 1990-438; Ladika v. Commissioner, T.C. Memo 1989-258, affd. 899 F.2d 1225 (9th Cir. 1990); Bowers v. Commissioner, T.C. Memo 1986-271.Accordingly, petitioner is required to pay to the United States a penalty in the amount of $ 25,000. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The reference to section 6673 is to such section as amended by section 7731(a) of Pub. L. 101-239, 103 Stat. 2106, 2400 and effective for positions taken after December 31, 1989, in proceedings which are pending on, or commenced after that date.↩*. For taxable year 1981, § 6653(b); for taxable year 1986, § 6653(b)(1)(A).↩**. For taxable year 1981, section did not exist; for taxable year 1986 § 6653(b)(1)(B).↩2. This Court previously has granted respondent's motion to dismiss as to all issues with regard to which petitioner has the burden of proof, thus, in effect, upholding respondent's determinations of deficiencies.↩