RICHARD R. PHILLIPS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Phillips v. Commissioner
Docket No. 28400-89
United States Tax Court
T.C. Memo 1992-17; 1992 Tax Ct. Memo LEXIS 22; 63 T.C.M. (CCH) 1757; T.C.M. (RIA) 92017; January 8, 1992, Filed *22 Decision will be entered for respondent. Richard R. Phillips, pro se. James Gehres, for respondent. SCOTT, Judge. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for the years and in the amounts as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6653(b)(1) *
Sec. 6654(a)
1979
$ 5,622
$ 2,811
$ 71
1980
23,560
11,780
1,251
1981
6,922
3,461
531
1982
14,916
--
$ 7,458
1,375
1983
11,780
--
5,890
720
1984
6,929
--
3,465
223
In an amendment to answer filed in this case, respondent *23 alleged as an alternative to additions to tax for fraud, additions to tax under section 6651(a)(1) for failure to timely file returns for all years, additions to tax for negligence under section 6653(a) for the years 1979 and 1980 and additions to tax for negligence under section 6653(a)(1) and (2) for the years 1981, 1982, 1983, and 1984. The issues for decision are: (1) Whether petitioner is liable for additions to tax for fraud for each of the years 1979 through 1984; (2) whether petitioner is liable for additions to tax under section 6654 for failure to pay estimated tax for each of the years 1979 through 1984; and (3) in the alternative if we hold that petitioner is not liable for additions to tax for fraud, whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to timely file returns for each of the years in issue and additions to tax for negligence under section 6653(a) for the years 1979 through 1980, and additions to tax under section 6653(a)(1) and (2) for the years 1981, 1982, 1983, and 1984. FINDINGS OF FACT Some facts were orally stipulated by the parties and are found accordingly. Petitioner was residing in Grand Junction, Colorado, *24 at the date of the filing of his petition in this case. Petitioner did not file a Federal income tax return for any of the years 1979, 1980, 1981, 1982, 1983, and 1984. During the years 1979 through 1984 petitioner received wage income from his various employers. For the year 1979 income tax was withheld from the wages petitioner received and income tax was withheld by one employer in 1980. No income tax was withheld from wages received by petitioner in 1981, 1982, or 1983. In 1984 Federal income tax was withheld from petitioner's wages by one of his employers. The following schedule shows the name of the employer, the amount of income received by petitioner as wages from that employer, and the amount of income tax withheld for each of the years 1979 through 1984: Year
Employer
Income
Tax Withheld
1979
Sturgeon Electric Co., Inc.
$ 11,011.02
$ 1,493.54
1979
Union Power Construction Co.
11,173.84
1,651.24
1979 Totals
$ 22,184.86
$ 3,144.78
1980
Slater Electric Co. of Ca., Inc.
$ 23,799.00
$ 1,391.00
1980
Fischback and Moore, Inc.
334.00
-0-   1980
Fischback and Moore, Inc.
13,942.00
-0-   1980
Union Power Construction Co.
203.81
-0-   1980
Tri-O, Inc.
17,063.42
-0-   1980 Totals
$ 55,342.23
$ 1,391.00
1981
Commonwealth Electric Co.
$    482.97
-0-   1981
Colorado Ute Electric Assoc.
11,788.20
-0-   1981
M.J. Electric, Inc.
12,750.36
-0-   1981
Tri-O, Inc.
210.08
-0-   1981 Totals
$ 25,231.61
-0-   1982
Colorado Ute Electric Assoc.
$  1,469.44
-0-   1982
Union Power Construction Co.
7,937.68
-0-   1982
Dynalectric Company
33,977.66
-0-   1982 Totals
$ 43,384.78
-0-   1983
Lord Electric Co., Inc.
$ 13,792.11
-0-   1983
Lord Electric Co., Inc.
6,322.92
-0-   1983
Wasatch Electric Co.
1,527.68
-0-   1983
Dynalectric Company
3,166.16
-0-   1983
Union Power Construction Co.
13,684.77
-0-   1983 Totals
$ 38,493.64
-0-   1984
Interstate Electrical Contr., Inc.
$  4,291.18
-0-   1984
Babcock and Wilcox Co.
565.54
$ 75.41
1984
Union Power Construction Co.
24,395.71
2,624.73
1984 Totals
$ 29,252.43
$ 2,700.14
*25 Petitioner received interest income from Colorado Bank and Trust Company of Delta, Colorado, in the amount of $ 1 for each of the years 1981 and 1982 and in the amount of $ 3 for the year 1983. Petitioner filed a Federal income tax return for the calendar year 1978 on which he showed a tax liability of $ 1,627 and further showed that he was entitled to an overpayment of $ 2,975 because of amounts withheld from his wages. Petitioner had also filed a tax return for 1977, which showed tax due but an overpayment of tax because of the amount of the withholding from his wages exceeding the amount of his tax liability. In 1984 a criminal case was brought against petitioner for willful failure to file Federal income tax returns for the years 1979, 1980, and 1981. This case was tried in the United States District Court for the District of Colorado, docket No. 84-CR-68. Petitioner was convicted and appealed the conviction to the Court of Appeals for the Tenth Circuit. That Court in United States v. Phillips, 775 F.2d 262 (10th Cir. 1985), held improper a jury instruction that a mistake of law must be objectively reasonable to be a defense, and if the jury did not *26 find that petitioner had a reasonable ground for his belief that wages were not income, regardless of the defendant's sincerity of belief, he might be found not to have a good-faith misunderstanding of the requirements of the law. The case was reversed and remanded for a new trial. At the new trial in 1986 petitioner was again found guilty of willful failure to file income tax returns for 1979, 1980, and 1981 in violation of section 7203 and on May 27, 1986, was sentenced to 1 year in prison and placed on probation for 5 years. A special condition of petitioner's probation was that he cooperate with the Internal Revenue Service (IRS) in determining and paying back taxes. Petitioner on December 3, 1979, executed and filed with Union Power Construction Company, one of his employers, a Form W-4 on which he claimed 15 exemptions. It was petitioner's understanding if he claimed 15 exemptions that no tax would be withheld. On the dates indicated below, petitioner filed with the employer indicated a Form W-4 on which he claimed to be exempt from income tax: Date
Employer
Claim
08/26/80
Tri-O, Inc.
Exempt
01/20/81
M.J. Electric, Inc.
Exempt
07/17/81
Colorado Ute Electric Assoc.
Exempt
01/11/82
Dynalectric Company
Exempt
10/29/82
Dynalectric Company
Exempt
*27 On each of the Forms W-4 on which he claimed to be exempt, petitioner certified under penalties of perjury that he had not owed any Federal income tax during the preceding year, that he had a right to a full refund of all income tax withheld during the preceding year, that he did not expect to owe any income tax in the current year, and that he expected to have a right to a full refund of all income tax withheld in the current year. From time to time during the years from 1984 until the date of the issuance of the notice of deficiency in this case on August 31, 1989, petitioner corresponded with various individuals employed by the IRS with respect to his Federal income tax liability. In the IRS's replies to petitioner's letters he was informed that the IRS had previously furnished him with information with respect to his payroll data, that the criminal investigation against him for the years 1979 through 1981 was concluded by his conviction, that currently the IRS had no criminal investigations pending with respect to him, and that information with respect to offers in compromise was being furnished to him. He was also informed in certain of the letters that he had not furnished *28 the data which had been requested to complete an investigation of his tax liability and that the case had dragged on so long it was being closed without the benefit of that data. Petitioner also asked questions about his appeal rights and the privacy act, which officials at the IRS attempted to answer and also about the authority of the individuals at the IRS with whom he was dealing. Petitioner submitted to the IRS various documents, which he claimed substantiated his claims that wages are not taxable, that to require that he sign a Form 1040 under penalties of perjury violated his Fifth Amendment rights, and the IRS lacked jurisdiction over him. No agreement as to petitioner's tax liability had been reached at the time of the issuance of the notice of deficiency. OPINION Petitioner has offered no evidence with respect to the amount of his tax liability in each of the years here in issue and on brief appears to have conceded that respondent's determination in this regard is correct. In any event, the burden is on petitioner to show error with respect to the tax liability as determined by respondent and he has made no such showing. We, therefore, sustain respondent's determination *29 of petitioner's tax liability for each of the years here in issue. Petitioner offered no evidence of any payment of estimated tax to rebut respondent's determination of the addition to tax under section 6654 for failure to pay estimated tax for each of the years here in issue. The evidence shows that in each year there was no withholding or inadequate withholding from his wages to relieve petitioner from the requirement of paying estimated tax. Under these circumstances, the addition to tax provided by section 6654(a) as to the years at issue is mandatory. Durovic v. Commissioner, 84 T.C. 101, 117 (1985). We, therefore, sustain respondent's determination of additions to tax under section 6654(a). The burden is on respondent to show fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Parks v. Commissioner, 94 T.C. 654, 660 (1990). The evidence here is clear that petitioner willfully failed to file returns, filed false Forms W-4 to prevent proper withholding from his wages, and did not cooperate with respondent's representatives when they were attempting to determine his tax liability. The facts in this case are indistinguishable *30 from the facts in Zell v. Commissioner, 763 F.2d 1139 (10th Cir. 1985), affg. T.C. Memo. 1984-152. Zell v. Commissioner, supra, was decided by the Court of Appeals for the Tenth Circuit to which an appeal in this case would lie. In that case, the Court held that a combination of a failure to file income tax returns, the filing of false Forms W-4, and a lack of cooperation with respondent's agents during their investigation of the taxpayer's tax liability indicates an intent to deceive the Government and constitutes fraud. In Zell v. Commissioner, supra, after stating that the Government has the burden of proving fraud by clear and convincing evidence, and that fraud means actual, intentional wrong doing, and that the intent required is the specific purpose to evade a tax believed to be owing, the Court discussed the evidence involved in the case. The Court pointed out that fraud will never be presumed or imputed and that the required state of mind is one which is calculated to cheat or deceive the Government. The Court then stated in Zell v. Commissioner, surpa at 1146: In the present *31 case, petitioner did not merely fail to file. Beginning in 1976, he filed false W-4 forms, thus committing an "affirmative act" of misrepresentation sufficient to justify the fraud penalty. In two cases, the Tax Court has found that a taxpayer who failed to file because of various objections to the income tax laws, and, in addition, filed false W-4 forms, was guilty of fraud. In Pavlic v. Commissioner, T.C. Memo. 1984-182, the court found that the petitioner's failure to comply with his known tax obligations and his attempts to conceal that fact by filing false W-4 forms justified a penalty of fraud, despite the fact that the court found him to have a sincere objection to the use of federal tax revenues to fund abortions. Similarly, in Fuhrmann v. Commissioner, T.C. Memo 1982-255, the Tax Court found that, where the petitioner filed a Form 1040 containing essentially no information and filed false W-4 forms to avoid withholding, the fraud penalty was justified. In addition, petitioner in this case did not cooperate with the IRS agents during the investigation. To the extent that this factor has been considered in a number of cases in finding *32 an intent to defraud, it counts against the taxpayer in this case. See, e.g., Powell v. Granquist, 252 F.2d 56, 61 (9th Cir. 1958); Jones v. Commissioner, 259 F.2d 300, 303 (5th Cir. 1958), (finding that taxpayer's cooperation with IRS agents helped to negate any inference of fraud). The lack of cooperation, combined with the failure to file and the false withholding statements, indicates an intent to deceive the government and to impede the collection of taxes.
The facts in the instant case in regard to filing no returns, filing false Forms W-4, and not cooperating with respondent's agents are identical to those held in Zell v. Commissioner, supra, to constitute fraud. On that basis alone, we would hold fraud to be present in the instant case. However, here there are also other indications of fraud. Petitioner has filed voluminous documents with the IRS, copies of some of which were introduced in evidence in this case, which show that not only did he contend that wages were not income after having in prior years filed returns reporting his wages as income, but also made many other frivolous contentions. He *33 questioned the authority of the IRS to issue a deficiency notice. Petitioner also claimed that since in the years 1979 through 1981, OBM numbers were not on the tax returns, he was not required to file tax returns. Petitioner was convicted under section 7203 of willful failure to file tax returns for the years 1979 through 1981, the years in which he argues that absence of OBM numbers on the Forms 1040 relieves him from filing returns. For the years 1982, 1983, and 1984, petitioner contends that since OBM numbers are not shown on an instruction booklet for these years he was not required to file returns. In a recent Memorandum Opinion, Allnutt v. Commissioner, T.C. Memo. 1991-6, we held a comparable argument with respect to the regulations to be frivolous. See also United States v. Collins, 920 F.2d 619, 631 (10th Cir. 1990), stating certain arguments similar to those made by petitioner here to be frivolous in a criminal fraud case. Petitioner's argument here to the effect that he filed the false W-4 forms because he was instructed to do so by the IRS is frivolous. The document petitioner referred to was a form communication from the IRS, *34 which informed taxpayers that where they had obtained large refunds, they should check to see if the proper amount of tax was being withheld. This form in no way instructed petitioner to file false W-4 forms and, in fact, the form, after stating that the taxpayer might want to get a copy of Form W-4 from his employer and review the instructions and if he was entitled to additional allowances to complete a new Form W-4 claiming the correct number, states "but please make sure the information provided your employer is accurate". Far from justifying petitioner's filing of false Forms W-4, this document instructed petitioner to file truthful Forms W-4. We conclude that petitioner filed the false forms with the intent to evade a tax he knew to be owing. Based on this record as a whole, we sustain respondent's determination of the additions to tax for fraud under section 6653(b) for 1979, 1980, and 1981, and additions to tax for fraud under section 6653(b)(1) and (2) for the years 1982, 1983, and 1984. The entire deficiency for each of the years 1982, 1983, and 1984 is determined to be due to fraud. Since we have held that petitioner is liable for the addition to tax for fraud, it *35 is not necessary to consider respondent's alternative contentions with respect to the addition to tax under section 6651(a)(1) for all years, under section 6653(a) for 1979 through 1980, and under section 6653(a)(1) and (2) for 1981 through 1984. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954 as amended and in effect for the relevant years, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. For the years 1982, 1983, and 1984 respondent also determined an addition to tax under section 6653(b)(2) of 50 percent of the interest on the deficiencies determined. ↩