EARL R. MCCART, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCart v. Commissioner
Docket No. 29133-91
United States Tax Court
T.C. Memo 1993-96; 1993 Tax Ct. Memo LEXIS 108; 65 T.C.M. (CCH) 2115; March 22, 1993, Filed *108 Earl R. McCart, pro se. For respondent: William T. Lyons and Douglas A. Fendrick. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: Respondent determined deficiencies in, and additions to, petitioner's Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6654
6653(b)(1)(A)
6653(b)(1)(B)
1987
$ 12,059
$ 748
$ 9,044
50% of the
interest due
on the
deficiency
1988
9,048
578
6,786
None
Respondent alternatively has determined that petitioner is liable for additions to tax for negligence pursuant to section 6653(a)(1)(A) and (B), for 1987, and section 6653(a)(1) for 1988. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are: (1) Whether, for the 1987 and 1988 taxable years, petitioner is liable for (i) Federal income tax deficiencies, and (ii) additions to tax and interest stemming from petitioner's failure to file Federal income tax returns for those years; (2) whether petitioner is entitled to an allowance *109 for certain alleged unsubstantiated itemized deductions in computing his 1987 and 1988 taxable income; and (3) whether the Court should grant respondent's motion for sanctions under section 6673(a)(1). We hold that petitioner is liable for 1987 and 1988 Federal income tax deficiencies, additions to tax, and interest, as determined by respondent, and is not entitled to an allowance for any alleged itemized deductions. In addition, we grant respondent's motion for sanctions under section 6673(a)(1), and require that petitioner pay $ 5,000 to the United States. FINDINGS OF FACT Most of the facts have been stipulated and are so found. The stipulations and attached exhibits are incorporated herein by this reference. At the time of filing his petition, petitioner resided in Lindenwold, New Jersey. Petitioner has not filed Federal income tax returns for 1987 or 1988, the taxable years at issue. For those years, respondent determined that petitioner received the following items of income: Year
Type
Source
Amount
1987
Wages
Burns and Roe Enterprises, Inc.
$ 31,968
Wages
Miller-Remick Corporation
15,817
Interest
Howard Federal Savings
340
1988
Wages
Select Talent Associates, Inc.
16,593
Wages
Miller-Remick Corporation
26,372
Interest
Howard Federal Savings
200
*110 Petitioner received a Form W-2 or Form 1099, as applicable, for each of these amounts and does not dispute that these amounts are taxable to him. Petitioner also concedes that he knew that these amounts were taxable to him. Petitioner contends that he was not required to file Federal income tax returns for 1987 or 1988 to report these items of income because he believes respondent did not comply with the Paperwork Reduction Act of 1980 (PRA), Pub. L. 96-511, 94 Stat. 2812 (codified at 44 U.S.C. secs. 3501-3520 (1988)). For the taxable years at issue, petitioner made no estimated tax payments, and had no Federal income taxes withheld from his wages. Federal income taxes were not withheld from his wages because petitioner: (1) Gave one employer a 1987 Form W-4 and a 1988 Form W-4 stating he was exempt from Federal income tax withholding, and (2) submitted signed affidavits to two other employers stating he was "a person not subject to [Federal income tax] withholding". On September 9, 1991, respondent mailed a notice of deficiency to petitioner with respect to petitioner's 1987 and 1988 taxable years. Respondent determined the deficiencies *111 reflected in this notice by: (1) Including in petitioner's 1987 and 1988 gross incomes, respectively, the appropriate items of wages and interest mentioned above, (2) decreasing these gross incomes by the allowable amounts for one personal exemption and the standard deduction, and (3) computing petitioner's Federal income tax liability for each year using the tax table that applies to a taxpayer with a filing status of "Married filing separate". [1]
OPINION Petitioner's Liability for Federal Income Taxes, Additions to Tax, and Interest
Except with respect to respondent's allegation of fraud under section 6653(b)(1)(A) and (B), the burden of proof is on petitioner to show that respondent's determinations as set forth in the notice of deficiency are incorrect. Sec. 7454(a); Rule 142(a) and *112 (b); Welch v. Helvering, 290 U.S. 111 (1933). At trial, petitioner presented no substantive evidence to meet his burden. That is, petitioner offered no exhibits, did not testify on his own behalf, and did not call any witnesses. Following brief opening statements by the parties, petitioner informed the Court that he was resting his case without presenting any substantive evidence, and, following respondent's case-in-chief, which consisted solely of a clarification of a stipulation, petitioner made a brief closing statement. Accordingly,there is not even a scintilla of evidence in the record to challenge respondent's determinations that are included in the notice of deficiency (including respondent's determination that petitioner is not entitled to any allowance for itemized deductions). [2]
*113 In instituting this proceeding, petitioner is relying solely on certain arguments concerning the PRA that were raised in his petition and expounded upon in his brief. Petitioner agrees that his case is won or lost on these arguments because he has stipulated that, if we reject them, he will concede all the additions to tax (including the additions to tax for fraud) contained in respondent's notice of deficiency. Although the allegations in the petition concerning the PRA are incoherent, we discern that petitioner is initially arguing that respondent's notice of deficiency is invalid because it does not conform to the PRA. Generally, the PRA requires that the Office of Management and Budget (OMB) approve information collection requests made by certain Federal agencies, and that all such approved information collection requests display current OMB control numbers. 44 U.S.C. sec. 3507(a), (f) (1988). For this purpose, the PRA defines the term "information collection request" as "a written report form, application form, schedule, questionnaire, reporting or recordkeeping requirement, collection of information requirement, or other similar method *114 calling for the collection of information." 44 U.S.C. sec. 3502(11) (1988). If an information collection request does not display such a required OMB control number, "no person shall be subject to any penalty for failing to maintain or provide information to any agency". 44 U.S.C. sec. 3512 (1988). See generally 5 C.F.R. secs. 1320.1-1320.22 (1988) (regulations prescribed under the PRA to implement the provisions of the PRA). In his brief, petitioner expanded his initial argument to argue that the 1987 Form 1040, 1988 Form 1040, and the instructions to both forms do not conform to the PRA. Further, petitioner also argues on brief, respondent has failed to comply with the PRA with respect to the Federal income tax regulations issued under sections 6011 and 6012. Thus, according to petitioner, he is not required to file 1987 and 1988 Federal tax returns to report his 1987 and 1988 taxable income, respectively, and, under 44 U.S.C. sec. 3512 (1988), respondent is powerless to assess any tax, additions to tax, or interest with respect to either that taxable income or petitioner's *115 failure to file these returns. [3]
Petitioner's assertions are similar to those of others who have petitioned this Court and protested their liability for Federal income taxes by claiming, for example, that the 16th Amendment is unconstitutional, that they are not a "taxpayer", or that Federal Reserve notes are not money. Although petitioner has stopped *116 short of admitting that he is a tax protester, his assertions in this case are so characteristic of the tax-protester rhetoric that has been universally rejected by this and other courts that we conclude he is a tax protester. Petitioner's arguments concerning the PRA are shopworn tax-protester arguments. Petitioner's arguments are so characteristic of tax-protester rhetoric that not only have they been repeatedly heard and rejected by this Court, [4] they have been repeatedly heard and rejected by numerous Federal District Courts and at least eight Courts of Appeals. [5] Petitioner's arguments are so stale that currently a number of these Courts of Appeals summarily reject these types of arguments. See, e.g., Befumo v. Commissioner, T.C. Memo. 1991-509, affd. 968 F.2d 1220 (9th Cir. 1992) (unpublished opinion); Beam v. Commissioner, T.C. Memo. 1990-304, affd. 956 F.2d 1166 (9th Cir. 1992) (unpublished opinion); Allnutt v. Commissioner, T.C. Memo. 1991-6, affd. 956 F.2d 1162 (4th Cir. 1992) (unpublished opinion) *117 (per curiam).
*118 Based on the voluminous number of cases universally upholding the Commissioner's taxing authority following the passage of the PRA, we conclude that it is settled that the Commissioner's issuance of a notice of deficiency to a taxpayer does not call for a collection of information but merely informs a taxpayer that the Commissioner has determined a deficiency in his or her Federal income tax liability. See, e.g., 44 U.S.C. sec. 3502(11) (1988); James v. United States, 970 F.2d 750, 753 n.6 (10th Cir. 1992); Schott v. Commissioner, T.C. Memo. 1991-457; see also 5 C.F.R. sec. 1320.7(c) (1988). As for the 1987 and 1988 Forms 1040, we conclude that it is settled that the Commissioner has obtained OMB approval for collecting information through Federal income tax returns. See, e.g., Schramm v. Commissioner, T.C. Memo. 1991-523, affd.    F.2d     (9th Cir. Feb. 22, 1993); Beam v. Commissioner, T.C. Memo. 1990-304, affd. 956 F.2d 1166 (9th Cir. 1992) (unpublished opinion). The OMB control *119 numbers that are assigned to each affected regulation are set forth in 26 C.F.R. sec. 602.101(c) (1988), opposite the applicable sections in the Income Tax Regulations which authorize the collection of information. See, e.g., OMB control numbers 1545-0074, 1545-0099, etc., which are assigned to sec. 1.6001-1, Income Tax Regs. (taxpayer's recordkeeping requirements), OMB control numbers 1545-0055, 1545-0074, etc., which are assigned to sec. 1.6011-1, Income Tax Regs. (duty of taxpayers to file income tax returns); OMB control numbers 1545-0675, 1545-0085, etc., which are assigned to sec. 1.6012-1, Income Tax Regs. (persons required to file income tax returns). The OMB number for the 1987 and 1988 Forms 1040 appears in the upper right-hand corner of each form. With respect to this argument, we note that at least one Court of Appeals emphatically rejects these types of arguments concerning the illegality of Federal income tax forms due to the lack of OMB control numbers. See United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir. 1991) (purpose of PRA was to restrain agencies which sought information on their own initiative; thus, Service's forms and penalties *120 would not be invalid even if Service failed to comply with the PRA). Accordingly, we reject petitioner's argument that the PRA: (1) Excuses him from filing 1987 and 1988 Federal income tax returns, [6] and (2) prohibits respondent from assessing any tax, additions to tax, or interest with respect to his taxable income and his failure to file those returns. The Court of Appeals for the Fifth Circuit in Crain v. Commissioner, 737 F.2d 1417, 1417-1418 (5th Cir. 1984) (per curiam), stated when it summarily rejected a similar, unjustifiable tax-protester argument: We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. The constitutionality of our income tax system -- including the role played within that system by the Internal Revenue Service and the Tax Court -- has long been established.
Sanctions Under Section 6673(a)(1)
*121 At trial, respondent filed a motion requesting that the Court impose sanctions under section 6673(a)(1) against petitioner because, respondent contends, petitioner is asserting a position that is groundless and is maintaining this proceeding primarily for delay. In relevant part, section 6673(a)(1) provides: (1) Procedures instituted primarily for delay, etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * *
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
Although petitioner has stopped short of calling himself a protester of income taxes, the reality displayed by the record in this case is that petitioner is a tax protester. His insistence on pursuing fruitless arguments has imposed on the time and effort of this Court (and respondent) that could have otherwise been devoted to resolving bona fide claims of taxpayers regarding factual and legal issues under the Internal Revenue Code. See Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986). *122 We agree with respondent's contention that petitioner instituted and maintained this proceeding primarily (if not solely) for delay and that petitioner's position is groundless. Although we may impose sanctions against a taxpayer if the taxpayer either: (1) Instituted proceedings in this Court primarily for delay, (2) maintained proceedings in this Court primarily for delay, (3) has a position in such a proceeding that is frivolous, or
(4) has a position in such a proceeding that is groundless, we note that, in addition to respondent's contentions in support of the motion, the record establishes that petitioner's position is frivolous. A petition to this Court is frivolous if it contradicts established law and is unsupported by a reasoned, colorable argument for a change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); see also Neitzke v. Williams, 490 U.S. 319 (1989) (defining legal frivolousness). Congress enacted section 6673(a)(1) because of its concern for the large caseload of the Court. In so doing, Congress empowered the Court to impose sanctions against taxpayers who add *123 to our caseload through the unjustifiable commencement of a proceeding. H. Rept. 97-404, at 11, 15 (1981). As a result of our sanction authority, a taxpayer who is protesting taxes, such as petitioner, should think twice before filing a petition in this Court based on a tired, well-rejected argument such as the PRA. Once the judiciary has resolved a claim, such as the Comissioner's compliance with the PRA, the wheels of justice must roll on to resolve new matters. Unnecessary filings hinder our progress and lead to inefficiency in this Court and the Government in general. We cannot endlessly rehear stale arguments concerning the validity of our income tax system. The imposition of sanctions should "sound a cautionary note to those who would persistently raise arguments against the income tax which have been put to rest for years." Parker v Commissioner, 724 F.2d 469, 472 (5th Cir. 1984), affg. T.C. Memo. 1983-75. Accordingly, based on the record in this case, we require petitioner to pay a penalty to the United States under section 6673(a) in the amount of $ 5,000. Decision will be entered under Rule 155. Footnotes
1. Petitioner and respondent have jointly stipulated that petitioner's filing status for 1987 and 1988 is "Single". Accordingly, a computation by the parties under Rule 155 will be necessary before we enter our decision.↩
2. Petitioner and respondent, jointly, did file minimal stipulated facts and exhibits. These facts and exhibits do not begin to carry petitioner's burden of proof. Even if we were to read these facts, and view these exhibits, in a manner that would be most favorable to petitioner, these facts and exhibits would still best be described as "entirely respondent-favorable".↩
3. In relevant part, petitioner's arguments on brief generally are that (1) Federal income tax forms are required to be filed by Federal income tax regulations and the instruction booklets, and (2) these regulations and instruction booklets are integral parts of a Federal income tax form because they are necessary to complete the form. Thus, these arguments conclude, Federal income tax forms, regulations, and instruction booklets are all information collection requests that must comply with the Paperwork Reduction Act of 1980 (PRA), Pub. L. 96-511, 94 Stat. 2812, and any failure of any of these documents to do so excuses petitioner's noncompliance in the case at hand.↩
4. Our research has not located, and the parties have not referred us to, any cases in which this Court has heard and accepted petitioner's arguments concerning the PRA. Because the cases in which this Court has heard and rejected such types of arguments are too numerous to cite, we cite the following cases as examples: Fox v. Commissioner, T.C. Memo. 1993-37; McDougall v. Commissioner, T.C. Memo. 1992-683; McDonald v. Commissioner, T.C. Memo. 1992-586; Roth v. Commissioner, T.C. Memo. 1992-563; Pekrul v. Commissioner, T.C. Memo. 1992-455; Hyde v. Commissioner, T.C. Memo. 1992-419↩.
5. Our research has not located, and the parties have not referred us to, any cases in which a Court of Appeals has heard and accepted petitioner's arguments concerning the PRA. Because the cases in which Courts of Appeals have heard and rejected such types of arguments are too numerous to cite, we cite the following cases as examples: Salberg v. United States, 969 F.2d 379, 384 (7th Cir. 1992) ("every court that has considered the argument that the regulations and instruction books promulgated by the IRS are within the scope of the PRA has rejected it. See United States v. Kerwin, 945 F.2d 92, 92 (5th Cir. 1991) (per curiam); United States v. Wunder, 919 F.2d 34, 38 (6th Cir. 1990) * * *. We do the same."); United States v. Holden, 963 F.2d 1114, 1116 (8th Cir. 1992) (tax instruction booklets are not subject to the PRA); Allnutt v. Commissioner, T.C. Memo. 1991-6, affd. 956 F.2d 1162 (4th Cir. 1992) (unpublished opinion) (this Court found no merit in the taxpayer's argument that the Commissioner failed to comply with the provisions of the PRA); United States v. Neff, 954 F.2d 698, 699-700 (11th Cir. 1992) (PRA does not bar prosecution for failure to file a Federal income tax return; such a duty to file is statutorily mandated, see sec. 6012(a)); United States v. Dawes, 951 F.2d 1189, 1192 (10th Cir. 1991) (instruction booklet and regulations are not information collection requests); United States v. Hicks, 947 F.2d 1356, 1359-1360↩ (9th Cir. 1991) (even if tax form did not display OMB control number, PRA would not bar prosecution for failure to file a Federal income tax return; such a duty to file is statutorily mandated).
6. With respect to petitioner's obligation to file a 1987 and 1988 Federal income tax return, such an obligation is required by statute, see sec. 6012(a), and not regulations or instructions as contended by petitioner. Thus, the PRA could never have sheltered petitioner from his statutorily imposed duty to file a Federal income tax return for those years. See, e.g., United States v. Neff, 954 F.2d 698, 699-700 (11th Cir. 1992); United States v. Hicks, 947 F.2d 1356, 1359-1360↩ (9th Cir. 1991).