STEVEN VEREEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vereen v. Commissioner
Docket No. 29997-91
United States Tax Court
T.C. Memo 1993-337; 1993 Tax Ct. Memo LEXIS 343; 66 T.C.M. (CCH) 276; August 2, 1993, Filed *343 For respondent: M. K. Mortensen. SWIFT
SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before us on respondent's motion for summary judgment pursuant to Rule 121. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as in effect for the years in issue. By notice of deficiency dated September 27, 1991, respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(1)(A)
6653(b)(1)(B)
1985
$ 32,680
$ 16,340
$ --   --
1986
22,117
--  16,588 *
1987
14,063
--  10,547 *
* 50 percent of the interest due on the portion of the underpayment attributable to fraud.
Sec.
Sec.
Year
6653(b)(2)
6661
1985 *
$ 7,305
1986
--
3,053
1987
--
3,140
* 50 percent of the interest due on the portion of the underpayment attributable to fraud.
On December 23, 1991, the petition in this case was filed. On February 25, 1992, respondent filed an answer to the petition. In the answer, respondent denied *344 all of petitioner's allegations of fact, and respondent asserted revised deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(1)(A)
6653(b)(1)(B)
1985
$ 102,648
$ 51,324
$ --   --
1986
287,989
--  215,992 *
1987
292,796
--  219,597 *
* 50 percent of the interest due on the portion of the underpayment attributable to fraud.
Sec.
Sec.
Year
6653(b)(2)
6661
1985 *
$ 24,825
1986
--
70,253
1987
--
73,199
* 50 percent of the interest due on the portion of the underpayment attributable to fraud.
In the answer, respondent also asserted the following affirmative allegations relating to fraud for each year in issue: (1) Petitioner underreported taxable income of $ 170,792, $ 542,580, and $ 669,128 for 1985, 1986, and 1987, respectively; (2) Petitioner's unreported income for 1985, 1986, and 1987 constituted funds that had been invested in entities which were directly or indirectly owned and controlled by petitioner; (3) Petitioner did not maintain complete and accurate records of his income-producing activities. *345 Petitioner did not produce complete and accurate records to respondent in connection with the examination of petitioner's Federal income tax returns for 1985, 1986, and 1987, and petitioner did not cooperate with respondent's agents in the audit of petitioner's Federal income tax returns for 1985, 1986, and 1987; (4) Petitioner used various entities and individuals to misappropriate investors' funds. Petitioner converted the investors' funds to his own control, use, and benefit, and petitioner attempted to conceal the misappropriation and conversion; and (5) Petitioner fraudulently and with intent to evade tax understated his Federal income tax liabilities by $ 102,648, $ 287,989, and $ 292,796, for 1985, 1986, and 1987, respectively.
Petitioner failed to reply to respondent's answer. On April 13, 1992, respondent, pursuant to Rule 37(c), filed a motion for entry of an order that the undenied allegations in the answer be deemed admitted. The Court gave petitioner notice of respondent's motion and instructed petitioner that: If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before May 4, 1992, respondent's motion will be denied. *346 If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer.
Petitioner has not filed a reply to respondent's Rule 37(c) motion. On May 12, 1992, the Court granted respondent's Rule 37(c) motion and deemed admitted the undenied affirmative allegations of fact set forth in respondent's answer. On June 29, 1992, respondent filed with the Court the instant motion for summary judgment. On July 2, 1992, the Court ordered petitioner to file on or before August 14, 1992, a response to respondent's motion, which petitioner has not done. On August 21, 1992, petitioner filed with the Court a document entitled "Motion to Withdraw from U.S. Tax Court", alleging that the Court is "biased in favor of IRS positions". On September 9, 1992, the Court denied petitioner's motion. Pursuant to notice to the parties, the instant case was set for trial during the Court's November 30, 1992, trial session in Salt Lake City, Utah. When the case was called for trial on November 30, 1992, petitioner failed to appear. On or about November 30, 1992, petitioner filed for bankruptcy *347 under chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Utah (Bankruptcy Court). On January 7, 1993, respondent filed with the Bankruptcy Court a motion requesting the Bankruptcy Court to order a suspension of the automatic stay imposed by section 362(a)(8) of the Bankruptcy Code, 11 U.S.C. sec. 362(a)(8) (1988), to permit this Court to determine petitioner's individual Federal income tax liabilities for 1985, 1986, and 1987. On February 16, 1993, the Bankruptcy Court granted respondent's motion and suspended the automatic stay imposed by section 362(a)(8) of the Bankruptcy Code, supra. On March 18, 1993, the Court again served petitioner with an order requiring that petitioner file on or before April 23, 1993, a response to respondent's motion for summary judgment. Petitioner, however, has not filed any response to respondent's motion. Summary judgment is appropriate where the record shows that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp., v. Commissioner, 98 T.C. 518, 520 (1992); Marshall v. Commissioner, 85 T.C. 267, 271 (1985); *348 Allnutt v. Commissioner, T.C. Memo. 1991-6, affd. without published opinion 956 F.2d 1162 (4th Cir. 1992); Callow v. Commissioner, T.C. Memo. 1980-271, affd. 82-1 USTC par. 9125 (10th Cir. 1981). Respondent's motion for summary judgment is supported by the allegations of fact set forth in respondent's answer, which allegations have been deemed admitted under Rule 37(c). Gilday v. Commissioner, 62 T.C. 260, 261-262 (1974); Allnutt v. Commissioner, supra. Those deemed admissions establish for each year in issue the underpayments asserted by respondent in the amended answer. With regard to the additions to tax for fraud under sections 6653(b)(1) and 6653(b)(1)(A), respondent must establish by clear and convincing evidence that there are underpayments of tax and that some portion of the underpayments for each year was due to the taxpayers' fraudulent intent. Sec. 7454(a); Rule 142(b); Stoltzfus v. United States, 398 F.2d 1002, 1005 (3d Cir. 1968); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). *349 Because direct proof of a taxpayer's intent is rarely available, fraud may be proven by circumstantial evidence and reasonable inferences drawn from the facts. Spies v. United States, 317 U.S. 492 (1943); Rowlee v. Commissioner, supra. The intent to conceal or mislead may be inferred from a pattern of conduct. See Spies v. United States, supra at 499; see also Stone v. Commissioner, 56 T.C. 213, 223-224 (1971). We find that the facts deemed admitted by petitioner under Rule 37(c) establish fraud. Gilday v. Commissioner, supra at 262. Petitioner understated his taxable income. Petitioner kept inadequate records. Petitioner failed to cooperate with respondent's agents. Petitioner engaged in illegal activity, and petitioner attempted to conceal his illegal activities, all of which establish petitioner's fraudulent intent. Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601; see also Zell v. Commissioner, 763 F.2d 1139, 1146 (10th Cir. 1985), *350 affg. T.C. Memo. 1984-152; Miller v. Commissioner, 94 T.C. 316, 334 (1990). Petitioner's failure to appear at trial is further evidence of his effort to conceal the facts concerning his income tax liabilities. Smith v. Commissioner, 91 T.C. 1049, 1059-1060 (1988) (Court reviewed). Based upon the record as a whole, respondent has established by clear and convincing evidence petitioner's underpayments of Federal income tax for 1985, 1986, and 1987, and respondent has established that the entire amount of such underpayments is attributable to fraud. We sustain respondent's determination of deficiencies in petitioner's Federal income taxes, and we find that petitioner is liable for the fraud additions to tax for 1985, 1986, and 1987. Respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered for respondent.