UNITED STATES of America, Plaintiff,

v.

Eugene J. KARLIN, Defendant.

No. 91–10012–01.

United States District Court,
D. Kansas.

April 26, 1991.

Michael G. Christensen, Asst. U.S. Atty., Wichita, Kan., for plaintiff.

William A. Cohan, Encinitas, Cal., for defendant.

---

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

The defendant argues that the current prosecution for tax evasion cannot be maintained, since the instruction booklets accompanying the tax forms did not contain the appropriate control numbers of the Office of Management and Budget (OMB), as required by the Paperwork Reduction Act of 1980 (PRA), 44 U.S.C. § 3501, *et seq.* The main argument relied on by the defendant is that there has been a recent change in the law, as reflected in *United States v. Collins*, 920 F.2d 619 (10th Cir.1990). Accordingly, the defendant argues, the prior decision by Judge Crow (which is not only attached to, but in effect is, the government's response) is no longer valid and the present indictment should be dismissed.

The defendant's motion was set for hearing on April 22, 1991. After the presentation of arguments by both the defendant and the government, the court announced its decision. Consistent with the statements of the court at the hearing of the present matter, and for the reasons discussed herein, the court denies the defendant's motion to dismiss.

Judge Crow's decision accurately reflects the virtually unanimous rejection of similar arguments. *See, e.g., Cameron v. IRS*, 593 F.Supp. 1540 (N.D.Ill.1984), *aff'd*, 773 F.2d 126 (7th Cir.1985); *Snyder v. IRS*, 596 F.Supp. 240 (N.D.Ind.1984).

However, in *Dole v. United Steelworkers*, 494 U.S. 26, ——, 110 S.Ct. 929, 933, 108 L.Ed.2d 23, 32 (1990), the Supreme Court gave some authority for a contrary view. In *Dole*, the Court addressed the issue of whether the OMB had authority under the PRA to review and countermand agency regulations mandating disclosure by regulated entities directly to third parties. In discussing the requirements of the PRA, the Court stated:

> Typical information collection requests [under the PRA] include tax forms, medicare forms, financial loan applications, job applications, questionnaires, compliance reports and tax or business records.

Although dicta, insofar as it was relevant in *Dole*, this statement formed the basis for the Tenth Circuit's decision in *Collins*.

The Tenth Circuit did not directly hold that the PRA applies to the 1040 tax return forms used by the IRS, and that a failure

to include OMB control numbers on the forms would nullify any attempt to prosecute delinquent taxpayers for evasion. Rather, the issue arose in a more complicated fashion. In *Collins*, the district court had revoked its earlier decision to allow defendant's attorney to appear *pro hac vice*. Citing numerous arguments advanced by the attorney (including a PRA argument) as frivolous, the permission to appear was revoked. On appeal, the Tenth Circuit undertook to determine whether the attorney's arguments were indeed frivolous, thereby justifying the district court's revocation of the attorney's permission to appear.

The Tenth Circuit effectively took *Dole* as a change in the law. Previously, the court had held in *United States v. Tedder*, 787 F.2d 540, 542 (10th Cir.1986), that tax forms did not fall under the requirements of the PRA. In *Collins*, the court indicated in a footnote its opinion that the holding in *Tedder* was "superseded" by the Supreme Court's decision in *Dole*. 920 F.2d at 630 n. 12.

This did not alter the ultimate outcome in *Collins*. In that case, the attorney's argument was that the PRA had been violated because the 1040 tax forms at issue did not contain expiration dates in addition to the OMB control number. The court found that such expiration dates were not required under the plain language of the PRA, and that in any event, the tax forms did indicate their date of expiration. The argument, the court concluded, was indeed frivolous, "utterly lacking in any arguable basis in law or fact." 920 F.2d at 633.

■ In the present case, the argument advanced by the defendant is slightly different. The defendant does not argue that the *tax forms* are invalid, but that the *instructions* accompanying the tax forms do not contain OMB control numbers and are therefore invalid. The defendant contends that prosecution is therefore barred by 44 U.S.C. § 3512, which provides:

> Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide information to any agency if the informa-

tion collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director, or fails to state that such request is not subject to this chapter.

However, even accepting the viewpoint advanced in dicta in *Dole* and followed in *Collins*, that the PRA applies to tax forms, there are two separate reasons for denying the defendant's motion to dismiss.

First, even accepting the view that the PRA applies to the tax instruction booklets here at issue, § 3512 only protects persons from the imposition of administrative penalties for the failure to comply with information requests which do not conform to PRA requirements. This was the view adopted by Judge Crow. In a memorandum opinion filed subsequent to the opinion which is attached to the government's response, Judge Crow stated that even if the argument of the defendants was correct, it would not justify dismissal of the prosecution against them:

> For the PRA penalty bar in § 3512 to operate here, the defendants' duty to file an income tax return must be imposed only by the regulations of the tax form instructions at issue. Since the defendants' duty to file arises from statute, the argument fails. The Sixth Circuit has held:

> > As for the 1981 return, it did display the appropriate control number, and the regulations do not need a number because the requirement to file a tax return is mandated by statute, not by regulation. Defendant was not convicted of violating a regulation but of violating a statute which required him to file an income tax return. See 26 U.S.C. §§ 6012 and 7203. The [PRA], therefore, does not apply to the statutory requirement, but only to the forms themselves, which contained the appropriate numbers.

> *United States of America v. Wunder*, 919 F.2d 34 (6th Cir.1990) (defendant found guilty of willful failure to file income tax returns). As in *Wunder*, the defendants here are charged with violat-

ing a statutory, not regulatory, requirement. That the indictment here also charges the defendants with willful failure to file income tax returns "stating specifically the items of gross income and any deductions and credits to which s/he was entitled," does not implicate the application of other regulations or instructions subject to the PRA. The defendants are still only charged with the statutory violation of not filing a return. Defendants' argument is without merit. *United States v. Dawes*, No. 88–10002–01, slip op. at 2–3 (D.Kan. Jan. 14, 1991) (1991 WL 12823).

■ There is an additional reason for rejecting the defendant's argument. The defendant argues that he was not obliged to file tax returns because the instruction booklets accompanying the tax forms did not comply with the PRA. Neither *Dole* nor *Collins* accepts or sanctions this position; both cases speak only to whether the PRA applies to the tax forms themselves, not any accompanying instructions.

*United States v. Crocker*, 753 F.Supp. 1209 (D.Del.1991), is directly on point. In *Crocker*, decided on January 3 of this year, the defendant presented an argument identical to that presented here: that instructional booklets accompanying federal tax forms failed to comply with the requirements of the PRA, and accordingly, the tax evasion charges against him should be dismissed. The court accepted the view advanced by the Tenth Circuit in *Collins* and found that the PRA's requirements were applicable to tax return forms. However, the court found that those requirements did not apply to the instruction booklets. The instruction booklets fall neither under the direct language of the PRA, nor do they fall within the underlying purpose of the PRA. 753 F.Supp. at 1216.

This court agrees. Under both the plain language of the PRA, as well as the purpose of the Act itself, the instruction booklets are not covered by the PRA's requirements. The defendant's lengthy discussion of the legislative history of the PRA is irrelevant when faced with the plain language of the PRA. To the extent that the PRA applies to federal tax returns, its requirements are fully satisfied by PRA compliance in the return forms themselves; satisfaction of PRA requirements is not required of accompanying instructional information.

IT IS ACCORDINGLY ORDERED this 26th day of April, 1991, that the defendant's motion to dismiss is hereby denied.