Laura Lee Anderson, Billings, Mont. and William A. Cohan, Cohn & Greene, Encinitas, Cal., for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**Leroy M. SCHWEITZER, Defendant.**

**No. CR–91–008–BU.**

United States District Court,
D. Montana,
Butte Division.

Oct. 9, 1991.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

The defendant, Leroy M. Schweitzer, stands charged with four counts of willfully failing to file income tax returns for the calendar years 1984 through 1987, in violation of 26 U.S.C. § 7203. Schweitzer has presented the court with a motion requesting the court to dismiss the Information filed against him, upon the ground the "Instructions booklet" prepared by the Internal Revenue Service, and which accompanied individual income tax Form 1040 for the referenced calendar years, failed to display an Office of Management and Budget ("OMB") control number. Schweitzer contends the OMB control number is required by the Paperwork Reduction Act of 1980, 44 U.S.C. §§ 3501–3520.[1] The court,

---

**1.** The Paperwork Reduction Act, 44 U.S.C. §§ 3501–3520, requires that federal agencies submit all "information collection requests" to the Director of the Office of Management and Budget (OMB) for review. 44 U.S.C. § 3507. Any information collection request approved by

however, finds the absence of an OMB control number on the Instructions booklet, prepared by the Internal Revenue Service to accompany individual income tax Form 1040 for the calendar years in issue, does not bar the prosecution of Schweitzer for willfully failing to file income tax returns.

■ In *Dole v. United Steelworkers*, 494 U.S. 26, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990), the Supreme Court recognized that "[t]ypical information collection requests include tax forms, medicare forms, financial loan applications, job applications, questionnaires, compliance reports and tax or business records." 110 S.Ct. at 933. The holding in *Dole* casts doubt upon the continuing validity of those cases which had previously held that tax forms were not information collection requests subject to the Paperwork Reduction Act. *See, U.S. v. Collins*, 920 F.2d 619, 630 (10th Cir.1990) (referring to *U.S. v. Tedder*, 787 F.2d 540 (10th Cir.1986); *Snyder v. IRS*, 596 F.Supp. 240 (N.D.Ind.1984); *Cameron v. IRS*, 593 F.Supp. 1540 (N.D.Ind.1984), *aff'd* 773 F.2d 126 (7th Cir.1985)). Even before *Dole* the persuasive effect of those decisions in this circuit was questionable. *See, U.S. v. Smith*, 866 F.2d at 1099, fn. 8 (characterizing the decisions in these cases is based on "conclusory reasoning"). In the aftermath of *Dole*, it is clear that tax forms, particularly Form 1040, are information collection requests subject to the prescriptions of the Paperwork Reduction Act. Schweitzer, however, suggests the analysis of *Dole* encompasses the Form 1040 instructions, since Form 1040 directly refers to the instructions, and the instructions are necessary to properly complete the Form 1040. Consequently, the instructions, Schweitzer submits, constitute an "information collection request" independent of the Form 1040.[2]

the OMB Director must be assigned a control number. 44 U.S.C. § 3504. An agency is precluded from conducting or sponsoring the collection of information without having the information collection request approved by the OMB Director. 44 U.S.C. § 3507(a), (f). The Paperwork Reduction Act expressly provides that:

> No person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director, or fails to state that such request is not subject to this Chapter.

44 U.S.C. § 3512. *See, e.g., U.S. v. Smith*, 866 F.2d 1092, 1098–99 (9th Cir.1989) (prosecution for failure to obtain a permit (Plan of Operation) from Forest Service barred under 44 U.S.C. § 3512 because the filing requirement was imposed pursuant to an information collection request which lacked an OMB control number); *U.S. v. Hatch*, 919 F.2d 1394 (9th Cir.1990) (recognized 44 U.S.C. § 3512 is an affirmative defense to a criminal prosecution).

2. The precise position advanced by Schweitzer was recently rejected in *U.S. v. Karlin*, 762 F.Supp. 911 (1991), an unpublished decision from the United States District Court for the District of Kansas, the Honorable Patrick F. Kelly presiding. Judge Kelly did not expressly agree that the *dicta* expressed by the Supreme Court in *Dole* and the reasoning of the Tenth Circuit Court of Appeals in *Collins* did not stand for the proposition that the Paperwork Reduction Act applies to tax forms. Accepting the proposition that the Paperwork Reduction Act applies to the instruction booklet accompanying Form 1040, Judge Kelly rejected, on two alternate bases, that 44 U.S.C. § 3512 would preclude an individual from being prosecuted for tax evasion because the Form 1040 instruction booklet did not bear an appropriate OMB control number. First, Judge Kelly concluded section 3512 operated to protect persons from the imposition of administrative penalties but did not preclude prosecution for a criminal offense defined by a federal statute. *See, U.S. v. Wunder*, 919 F.2d 34 (6th Cir.1990). Second, Judge Kelly, relying upon *U.S. v. Crocker*, 753 F.Supp. 1209, 1216 (D.Del.1991), flatly rejected the suggestion that the Form 1040 booklet comes within the purview of the Paperwork Reduction Act, either by express language or underlying purpose. Slip op. at p. 6. Specifically, Judge Kelly held that to the extent the Paperwork Reduction Act applies to federal tax returns, since Form 1040 is in compliance with the Act, the requirements of the Act are fully satisfied.

The holdings of the court of appeals for this circuit in *Smith* and *Hatch* run contrary to the first basis of the decision in *Karlin*. Consequently, Schweitzer is correct in suggesting this court should refrain from embracing that aspect of the *Karlin* decision. However, as to the second basis of Judge Kelly's decision in *Karlin*, the court finds it unnecessary to express an opinion whether the conclusion reached by Judge Kelly and the *Crocker* court, *i.e.*, that the IRS instruction booklets are neither "forms for communicating information" to the IRS nor "rules requiring information to be sent", is correct. Rather, because the court finds there exists a distinct basis for rejecting Schweitzer's

The court has no quarrel with Schweitzer's position that the Paperwork Reduction Act should not be construed as being applicable only to "forms". Indeed, in its enactment of the Paperwork Reduction Act, Congress was concerned with the burden imposed upon individuals by record-keeping and data-gathering requirements established by federal agencies. *See, Action Alliance of Senior Citizens of Philadelphia v. Bowen*, 846 F.2d 1449 (D.C.Cir. 1988), *vacated and remanded*, 494 U.S. 1001, 110 S.Ct. 1329, 108 L.Ed.2d 469 (1990). Consequently, to the extent "instructions" dictated by an agency impose a burden upon an individual to maintain records or gather data, they would appear to be properly considered as "information collection requests", within the purview of the Paperwork Reduction Act. The flaw in Schweitzer's argument does not lie in this conclusion, but in his premise that the Form 1040 and the accompanying instructions booklet constitute separate information collection requests which must display different OMB control numbers.

If Schweitzer's premise is accepted, then, arguably, his position would warrant serious consideration. Schweitzer fails, however, to present any support for his underlying premise. Rather, much of the argument presented by Schweitzer counsels against the acceptance of his premise.

First, Schweitzer impresses upon the court that the instructions are necessary to file a proper tax return. No taxpayer utilizing the Form 1040 would seriously dispute this conclusion. Second, Form 1040 on its face, makes no less than 24 references to the instructions booklet, and 40 references to other related schedules and forms. In fact, as Schweitzer accurately points out, the only portions of the Form 1040 which do not require the taxpayer to follow the instructions set forth in the booklet are the sections requiring the taxpayer to provide his name, address, social security number, signature and occupation. In sum, Schweitzer quite accurately suggests the blank Form 1040 is not susceptible to accurate completion without the instructions booklet. This court shares, what is the essence of Schweitzer's position, that Form 1040 and the attending instructions booklet cannot be considered independent of one another but are, in fact, integral components of the same information collection request. In that vein, 26 C.F.R. § 1.6012–1(7) expressly provides:

> Form 1040A may be filed only by those individuals entitled to use such form as provided by and in accordance with the instructions for such form.

Form 1040, as the defendant acknowledges, displays an OMB control number. That OMB control number satisfies the prescription of 44 U.S.C. § 3502 as it pertains to the information collection request of which the Form 1040 is a part. Schweitzer fails to present a cogent argument which convinces the court that either the spirit, or the letter of the Paperwork Reduction Act is not satisfied in regard to that information collection request that is comprised of the Form 1040 and attendant instructions booklet.[3]

Therefore, for the reasons set forth herein,

IT IS HEREBY ORDERED that the motion to dismiss of the defendant, Leroy M. Schweitzer, be, and the same hereby is, DENIED.

---

position, it need not indulge Schweitzer's invitation to declare the logic of *Karlin* and *Crocker* as "pure pettifoggery".

**3.** The court's conclusion is bolstered by Schweitzer's own argument, which concedes certain important facts and is quoted directly as follows:

> Further evidence of the importance of the instructions to the statutory scheme is provided by the fact that OMB does review the instructions. The government fails to explain why the OMB reviews tax form instructions if the OMB believed that instructions were not covered by their review authority; *i.e.,* why would the agency assigned the role of reducing paperwork burdens take on more of a paperwork burden for itself than the law requires? Logic dictates that *OMB reviews tax form instructions as part of its review of the tax forms,* because OMB recognizes the parasitic nature of the form's relationship to the instructions. (emphasis supplied).

The court could not agree more. Schweitzer has, in effect, been "hoisted on his own petard".