ROBERT C. ALDRICH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Aldrich v. Commissioner
Docket No. 7477-90
United States Tax Court
T.C. Memo 1993-290; 1993 Tax Ct. Memo LEXIS 291; 66 T.C.M. (CCH) 13; July 6, 1993, Filed *291 Robert C. Aldrich, pro se. For respondent: Joan Steele Dennett. PARKER
PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a) 6653(a)(1)
6653(a)(2)
6653(a)(1)(A) 1984
$ 7,954.00
$ 707.75  $ 397.70 * ---   1985
9,499.00
2,242.50
474.95 * ---   1986
7,838.00
567.25
---   ---
$ 391.90
Additions to Tax
Sec. Sec. Year
6653(a)(1)(B)
6654(a)
1984
---
$ 97.47 1985
---
506.44
1986 *
42.42
* 50 percent of the interest
due on the portion of the underpayment attributable to
negligence.
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues to be decided are: 1. Whether the Paperwork Reduction Act of 1980 precludes the application of additions to tax for: (a) Failure to file a timely return under section 6651(a)(1); (b) Failure to pay estimated *292 tax under section 6654(a); and (c) Negligence or intentional disregard of rules or regulations under section 6653(a)(1) and (2) for taxable years 1984 and 1985, and under section 6653(a)(1)(A) and (B) for taxable year 1986; 2. Whether the Paperwork Reduction Act of 1980 precludes the imposition of interest under section 6601; 3. Whether the Paperwork Reduction Act of 1980 precludes denial of a credit or refund to petitioner for overpayment of his 1984 and 1986 Federal income taxes which is otherwise barred by the statute of limitations; and 4. Whether the Court should impose a penalty under section 6673(a)(1) on the grounds that petitioner instituted or maintained this proceeding primarily for delay, or that petitioner's position is frivolous or groundless. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Missoula, Montana, when he filed his petition. Petitioner did not file Federal income tax returns for the taxable years 1984, 1985, and 1986. Respondent issued notices of deficiency, each dated January 19, 1990, for the *293 taxable years 1984, 1985, and 1986. On April 19, 1990, petitioner mailed his petition to this Court in an envelope bearing a United States postmark of that date. After this case was calendared for trial, petitioner for the first time provided copies of his Forms W-2 and his books and records to substantiate any deductions he might be entitled to claim on income tax returns. After review of these documents by an Internal Revenue Service (IRS) auditor, the parties agreed that petitioner is liable for deficiencies in Federal income tax for the taxable years 1984, 1985, and 1986, in the amounts of $ 6,099, $ 7,731, and $ 4,933, respectively. The parties further agreed that petitioner is entitled to Federal tax withholding credits in the amounts of $ 7,518, $ 711, and $ 5,569 for the taxable years 1984, 1985, and 1986, respectively. As a result of these tax withholding credits, petitioner overpaid his Federal income taxes for taxable years 1984 and 1986 by $ 1,419 and $ 636, respectively. Petitioner underpaid his Federal income tax for taxable year 1985 by $ 7,020. Respondent concedes that, as a result of the Federal tax withholding credits, petitioner is not liable for the additions *294 to tax pursuant to sections 6651(a) and 6654(a) for the taxable years 1984 and 1986. The parties agree that should this Court find for respondent, the correct amounts of the remaining additions to tax are as follows: Additions to Tax
Sec. Sec.
Sec.
Sec. Sec. Sec. Year
6651(a)
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
6654(a)
1984
none $ 305 * ---
---
none
1985
$ 1,755
387 * ---
---
$ 392 1986
none ---
---
$ 247 * none
* 50 percent of the interest under sec. 6601 due on the underpayment attributable to negligence.
OPINION Petitioner now agrees that he is liable for the tax in the reduced amounts stipulated by the parties. However, he still challenges some of the additions and interest under section 6601. Petitioner's sole defense to the additions and interest is that sections 3507(a) and 3512 of the Paperwork Reduction Act of 1980, 44 U.S.C. sec. 3501, et seq. (1988) (the PRA), preclude the application of those additions to the tax and the imposition of interest. Petitioner has the burden of proving that respondent's determination of deficiencies and additions *295 to tax is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner argues that the PRA requires that the instruction booklet to Form 1040 and certain regulations display Office of Management and Budget (OMB) control numbers. Petitioner further argues that the PRA requires Form 1040, the instruction booklet and the regulations to exhibit expiration dates. Petitioner concludes that the lack of OMB control numbers and expiration dates precludes the application of additions to tax (for failure to file a return under section 6651, for negligence under section 6653(a), and for failure to pay estimated tax under section 6654), the imposition of interest under section 6601, and the denial of a credit or refund for overpayment of his 1984 and 1986 Federal income taxes. Prior to the calendar call in this case, respondent's counsel sent petitioner a copy of this Court's opinion in Currier v. Commissioner, T.C. Memo. 1991-194, filed May 1, 1991, in which the Court imposed a penalty under section 6673(a) upon the taxpayer for making *296 arguments similar to those urged by petitioner. At the calendar call, petitioner did not appear, but respondent's counsel informed the Court that, although she had warned petitioner that if he continued to pursue his PRA arguments respondent would seek damages under section 6673(a), petitioner apparently wanted the opportunity to brief his arguments. [1] Subsequently, respondent filed a motion for damages under section 6673 on the grounds that petitioner has instituted or maintained this proceeding primarily for delay or that petitioner's position with respect to the PRA is frivolous or groundless.
The Paperwork Reduction Act
The PRA requires that Federal agencies requesting information from the public obtain OMB approval for all "information collection requests" and that an OMB control number be displayed on the information collection request. 44 U.S.C. sec. 3507 *297 (a)(3), (f) (1988). The term "information collection request" is defined as "a written report form, application form, schedule, questionnaire, reporting or recordkeeping requirement, collection of information requirement, or other similar method calling for the collection of information." 44 U.S.C. sec. 3502(11) (1988). Generally, the director of OMB must approve or reject a proposed information collection request within 60 days of receiving it. 44 U.S.C. sec. 3507(b) (1988). When OMB approves an information collection request, it issues a control number which is to be displayed upon the request. If a request does not receive OMB approval, it is not issued a control number and the agency is prohibited from collecting the information. 44 U.S.C. secs. 3504(c)(3)(A), 3507(f) (1988). In addition, if the agency nevertheless promulgates the information collection request, members of the public may, under the public protection provision of the PRA, ignore the request without risk of penalty. 44 U.S.C. sec. 3512 (1988). [2] The public is *298 protected under the PRA from information collection requests not issued in compliance with the PRA only when those requests dictate that a person maintain information for an agency or provide information to an agency. Dole v. United Steelworkers of America, 494 U.S. 26, 40 (1990). Federal income tax forms were among the many paperwork burdens imposed on the public that the PRA was created to alleviate. Dole v. United Steelworkers of America, supra at 32-33. *299 Accordingly, beginning with the tax forms for the taxable year 1981, OMB control numbers have been listed in the upper right-hand corner of such forms and related schedules. Petitioner does not contend that the tax return forms for the taxable years at issue (Forms 1040 and related schedules) do not display appropriate OMB numbers. The pertinent Forms 1040 and schedules do display appropriate OMB numbers, but petitioner did not file any returns for the years before the Court. Failure to File a Return
Respondent determined an addition to tax for failure to file a return under section 6651(a)(1) for each of the years in issue. The addition to tax is not imposed if the failure to file "is due to reasonable cause and not due to willful neglect". Sec. 6651(a)(1). Petitioner was well aware of his obligation to file income tax returns. Instead of presenting evidence as to any reason for his failure to file, petitioner argues that the Internal Revenue Service (IRS) failed to comply with the PRA by not displaying control numbers in the text of the regulations and on instruction booklets associated with tax return Form 1040. He argues further that the PRA requires that expiration *300 dates be displayed on such forms. Petitioner concludes, therefore, that the public protection provision, i.e., section 3512, of the PRA precludes the application of penalties for failure to file a timely return under section 6651(a). These arguments or some variation or permutation thereof, based on purported lack of compliance with the PRA, have been addressed repeatedly by this Court, [3] *301 the Court of Appeals for the Ninth Circuit, the court to which any appeal in this case will lie, [4] the Courts of Appeals for most of the other circuits, [5] *302 and numerous District Courts. [6] Although the courts have considered numerous and different arguments and have stated various reasons for their conclusions, every court that has considered the argument that the PRA in some way relieves taxpayers of their duty to file income tax returns has rejected it. In United States v. Hicks, 947 F.2d 1356 (9th Cir. 1991), the court considered *303 arguments similar to those made by petitioner. Rejecting such arguments, the Court of Appeals for the Ninth Circuit stated: The IRS, like any federal agency, must comply with the PRA and, in particular, must display OMB control numbers on its tax return forms and on its regulations. See Dole v. Steelworkers, 494 U.S. 26, 110 S.Ct. 929, 933, 108 L.Ed.2d 23 (1990) (tax forms are typical of the information requests subject to the PRA). But even assuming without deciding that the IRS failed to comply with the PRA here, its failure does not prevent Hicks from being penalized. The legislative history of the PRA and its structure as a whole lead us to conclude that it was aimed at reining in agency activity. See S.Rep. No. 930, 96th Cong.2d Sess., reprinted in 1980 U.S.C.C.A.N. 6241 (legislative history of PRA). Where an agency fails to follow the PRA in regard to an information collection request that the agency promulgates via regulation, at its own discretion, and without express prior mandate from Congress, a citizen may indeed escape penalties for failing to comply with the agency's request. See, *304 e.g., United States v. Hatch, 919 F.2d 1394 (9th Cir. 1990); United States v. Smith, 866 F.2d 1092 (9th Cir. 1989). But where Congress sets forth an explicit statutory requirement that the citizen provide information, and provides statutory criminal penalties for failure to comply with the request, that is another matter. This is a legislative command, not an administrative request. The PRA was not meant to provide criminals with an all-purpose escape hatch. See United States v. Burdett, 768 F.Supp. 409 (E.D.N.Y. 1991); see also United States v. Wunder, 919 F.2d 34, 38 (6th Cir. 1990) ("Defendant was not convicted of violating a regulation but of violating a statute which required him to file an income tax return."). * * * Congress enacted the PRA to keep agencies, including the IRS, from deluging the public with needless paperwork. It did not do so to create a loophole in the tax code.
Id. at 1359. Congress created petitioner's duty to file income tax returns in section 6012(a), and nowhere did Congress condition this duty on any Treasury *305 regulation. Petitioner argues to the contrary that sections 6001, 6011, and 6012 only require him to "make" a return and that the requirement for filing the return is provided for in section 6091 which prescribes the place for filing the return. Because section 6091 provides that the place for filing is to be determined by the regulations, petitioner contends that his duty to file a return is created by the regulations under section 6091. We do not agree. Contrary to petitioner's contentions, the term "make" as used in sections 6001, 6011, and 6012 encompasses the entire process of completing and filing the required return. This interpretation is supported by the use of the term "make" in the first statute requiring the filing of annual returns, which provided in part: On or before the first day of March, * * * a true and accurate return, under oath or affirmation, shall be made by each person of lawful age, * * *, to the collector of internal revenue for the district in which such person resides or has his principal place of business * * *.
Revenue Act of 1913, ch. 16, sec. II(D), 38 Stat. 168. In addition to providing a statutory mandate to complete and file annual *306 tax returns in section 6012(a), Congress provided the statutory civil and criminal penalties of sections 6651(a) and 7203 in the event a citizen should fail to comply with its legislative command. Just as the taxpayer in United States v. Hicks, supra,, could not escape the statutory criminal penalty, petitioner cannot escape the statutory civil penalty by attempting to invoke the protection of the PRA. The duty to file a tax return is not imposed by the regulations or the instruction booklet whether or not those documents are subject to OMB review under the PRA. [7]
*307 Courts of appeals for other circuits have similarly held that the duty to file an income tax return is required by statute and that statutes are not subject to the PRA. James v. United States, 970 F.2d 750 (10th Cir. 1992); Salberg v. United States, 969 F.2d 379 (7th Cir. 1992); United States v. Neff, 954 F.2d 698 (11th Cir. 1992); United States v. Kerwin, 945 F.2d 92 (5th Cir. 1991); United States v. Wunder, 919 F.2d 34 (6th Cir. 1990). Petitioner, however, argues that the legislative history of the PRA does not support the decisions of these courts. In support of his position, petitioner cites only a single sentence of the following excerpt from the Senate Report: Unless the collection of information is specifically required by statutory law the Director's determination is final for agencies which are not independent regulatory agencies. The fact the collection of information is specifically required by statute does not, however, relieve an agency of the obligation to submit the proposed collection for the Director's *308 review.Independent regulatory agencies may override a Director's determination pursuant to the provisions of section 3507(c) of this chapter. [Emphasis added.]
S. Rept. 96-930, 49 (1980), reprinted in 1980 U.S.C.C.A.N. 6241, 6289. We note that the sentence relied upon by petitioner, which we have underscored above, is contained in the Senate Report discussing section 3508, but that language is not found in section 3508 of the PRA as enacted. Moreover, that sentence cannot carry the weight petitioner loads upon it. Placed in its proper context, we do not think that the above underscored sentence is inconsistent with or in any way conflicts with the holding of the Ninth Circuit in United States v. Hicks, supra. It does not indicate any intent to shield an individual from a statutorily imposed penalty for failure to fulfill a statutorily imposed duty. Furthermore, some courts considering petitioner's arguments have found it unnecessary to rest their opinions on the statutorily mandated duty and penalty theory. United States v. Ryan, 969 F.2d 238 (7th Cir. 1992)United Statets v. Holden, 963 F.2d 1114 (8th Cir. 1992); *309 United States v. Dawes, 951 F.2d 1189 (10th Cir. 1991). They have held that the regulations and information booklets are not "information collection requests" and, thus, do not fall under the protection of the PRA. Although, in this case, we are bound to follow the holding of the Ninth Circuit, Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we think the analysis of the other courts is also persuasive and would lead us to the same result. Moreover, the holding of the Ninth Circuit in United States v. Hicks, supra, is not necessarily inconsistent with the approaches taken by these other circuits. The protection provided under section 3512 of the PRA applies to an "information collection request" made by a Federal agency. An "information collection request" is defined as "a written report form, application form, schedule, questionnaire, reporting or recordkeeping requirement, collection of information requirement, or other similar method calling for the collection of information". 44 U.S.C. sec. 3502 *310 (11) (1988). The instruction booklet to Form 1040 does not fall within this statutory definition. Form 1040 is the information collection request that must comply with the PRA. Petitioner does not contend that the Forms 1040 for the years at issue do not display appropriate OMB control numbers. Rather, he argues that the instruction booklet constitutes an information collection request separate from the Form 1040 which must also display an OMB control number. It is not clear whether petitioner is arguing that it must bear the same OMB number as the Form 1040 or its own separate OMB number. Again, we do not agree with either argument. Petitioner's own arguments do not support his conclusion. Petitioner advances arguments identical to those made by the taxpayer in United States v. Schweitzer, 775 F. Supp. 1355 (D. Mont. 1991). Those arguments are as follows: The instructions are necessary to file a proper tax return; Form 1040, on its face, makes no less than 26 references to the instruction booklet, and 42 references to other related schedules and forms; in fact, the only portions of Form 1040 which do not require the taxpayer to follow the instructions *311 set forth in the booklet are the sections requiring the taxpayer to provide his name, address, social security number, signature, and occupation; in sum, it is clear that Form 1040 is not susceptible to accurate completion without the instruction booklet. Addressing the same arguments petitioner now makes, the District Court in Schweitzer stated: This court shares, what is the essence of Schweitzer's position, that Form 1040 and the attending instructions booklet cannot be considered independent of one another but are, in fact, integral components of the same information collection request. * * * * * * Form 1040, as the defendant acknowledges, displays an OMB control number. That OMB control number satisfies the prescription of 44 U.S.C. § 3502 as it pertains to the information collection request of which the Form 1040 is a part. Schweitzer fails to present a cogent argument which convinces the court that either the spirit, or the letter of the Paperwork Reduction Act is not satisfied in regard to that information collection request that is comprised of the Form 1040 and attendant instructions booklet. [Fn. ref. omitted.]
*312 775 F. Supp. at 1357. We point out that while Forms 1040 and the related schedules can be obtained as individual forms, the Form 1040 instruction booklet itself comes with detachable copies of Forms 1040 and various frequently used schedules and other forms. The instruction booklet is reviewed by OMB at the time it reviews the Form 1040. In fact, petitioner himself refers to materials that show that OMB in fact reviews the instruction booklet as part of the "Form 1040 package". Petitioner seems to argue that OMB must treat the instruction booklet as a separate "information collection request" and accord it a separate review and a separate OMB control number. Classifying instruction booklets as information collection requests separate from Form 1040 would not further any of the statutory purposes of the PRA. [8]OMB reviews under the PRA are limited to "determining whether the collection of information by an agency is necessary for the proper performance of the functions of the agency". 44 U.S.C. sec. 3504(c)(2) (1988). Since the OMB previously reviewed Form 1040 and determined that the collection of information requested *313 on the form is necessary for the functions of the IRS, no benefit would be gained from a separate OMB review of the instruction booklets which do not generate any additional information. United States v. Stiner, 765 F. Supp. 663, 666 (D. Kan. 1991), affd. without published opinion 952 F.2d 1401 (10th Cir. 1992); United States v. Crocker, 753 F. Supp. 1209, 1216 (D. Del. 1991). Such OMB review would not "minimize the Federal paperwork burden for individuals" since individuals are already required to complete the previously reviewed Form 1040. United States v. Stiner, supra at 666. The fact that none of Congress' purposes for enacting the PRA would be served by requiring a separate OMB review of the instruction booklets is strong evidence that Congress did not intend the PRA to mandate such review. Dole v. United Steelworkers of America, 494 U.S. at 38. The instruction booklets are "simply publications designed to assist taxpayers to complete tax forms and more easily comply with an 'information *314 collection request'". United States v. Dawes, 951 F.2d at 1192. *315 Courts have applied the same analysis to hold that the regulations are not information collection requests. The same analysis holds true for the tax regulations. The 1040 form is the information collection request which arguably must comply with the PRA. It is through the 1040 form that the government obtains all of the tax information it requires; the instructions and the regulations do not request any additional information. * * * They are subsidiary to and mere administrative appendages of the tax form. They function only to aid the taxpayer in providing the information required by the 1040 form. As such, they are not independent information collection requests subject to the provisions of the PRA. [Fn. ref. omitted.]
United States v. Dawes, 951 F.2d at 1192. The fact that all of the phraseology in the regulations and instructions is not repeated in the Form 1040 does not transform the regulations and instructions into independent information collection requests. "It would be nonsensical and extremely inefficient to require a tax return to contain all of the information found in the regulations and instructions." United States v. Dawes, 951 F.2d at 1192 n.3. *316 The regulations and instructions, meaningless without a 1040 form to file, are regulations and instructions aimed at a purpose: the proper completion of the 1040 form. As long as the 1040 form complies with the Act, nothing more is required. * * *
951 F.2d at 1193. Petitioner next argues that, because the regulations and instruction booklets require him to maintain tax and business records, they are "recordkeeping requirements" and, thus, are information collection requests subject to the PRA. To the extent an agency's "instructions" impose a burden upon an individual to maintain records or gather data, they may constitute information collection requests within the purview of the PRA. Any recordkeeping that would require the taxpayer to further manipulate, analyze or rearrange the information in the documents he or she has already amassed in order to complete the 1040 form might arguably be an additional paperwork step that would be subject to the PRA -- a point we need not decide. In contrast, a requirement simply to maintain or store the documents already assembled, or which logically ought to be assembled, for completion of the 1040 *317 does not impose any extra paperwork burden on the taxpayer within the meaning of the Act and should escape the force of the PRA. * * *
United States v. Dawes, 951 F.2d at 1193. Thus, the instruction booklets are not recordkeeping requirements that would require separate OMB control numbers pursuant to the PRA. Those IRS regulations that contained reporting and recordkeeping requirements were submitted for OMB review and were assigned OMB control numbers. Those numbers were published in the Code of Federal Regulations on March 14, 1985. See 50 Fed. Reg. 10221-10228, T.D. 8011, 1985-1 C.B. 397; sec. 601.9000(a), sec. 602.101, Statement of Procedural Rules. Petitioner argues that the regulations violate the PRA because they fail to "display" OMB control numbers in the text of the regulations. We disagree. OMB control numbers are to be published "in the Federal Register * * * (as part of the regulatory text or as a technical amendment) and ensure that it will be included in the Code of Federal Regulations if the issuance is also included therein". 5 C.F.R. sec. 1320.7(e)(2) (1992). *318 Publication of the OMB control numbers in the Federal Register and in sections 601.9000(a) and 602.101, Statement of Procedural Rules, satisfies the technical amendment requirement. Thus, the regulations complied with the provisions of the PRA as of the date that petitioner was required to timely file a return for each of the years at issue, specifically, April 15, 1985, April 15, 1986, and April 15, 1987. Furthermore, the proposed additions to tax are not penalties for petitioner's failure to comply with any recordkeeping requirements, but for his failure to timely file returns (Forms 1040) which returns displayed proper OMB control numbers for the years at issue. Finally, petitioner contends that, although the Form 1040 displays an OMB control number, it does not display any expiration date and thus does not comply with the PRA. Failure to display an expiration date on the form does not violate the PRA. Furthermore, the forms were expressly designated as "1984", "1985", and "1986" income tax returns which is sufficient to satisfy an expiration date requirement. Salberg v. United States, 969 F.2d at 384; United States v. Collins, 920 F.2d 619, 631 (10th Cir. 1990). *319 For all of the above reasons, we hold that the PRA does not preclude the application of additions to tax for failure to file a timely return under section 6651(a)(1). Petitioner is liable for such addition for failure to file a timely return for taxable year 1985. While petitioner is not liable for the failure to file addition for 1984 and 1986 because of the tax withholding credits, nonetheless his failure to file such returns is a factor to be considered below in regard to other issues. Failure to Pay Estimated Tax
Respondent initially determined an addition to tax under section 6654(a) for underpayment of estimated tax for each of the taxable years at issue. Respondent concedes that petitioner is not liable for the additions for the taxable years 1984 and 1986 because of the tax withholding credits. Thus only the year 1985 remains for consideration. Where prepayments of tax, either through withholding or by quarterly estimated tax payments, do not equal the percentage of total liability required under the statute, this addition is imposed, unless the taxpayer shows that one of several statutory exceptions applies. Sec. 6654(a); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). *320 There was withheld from petitioner's income for 1985 tax in the amount of only $ 711, and petitioner did not pay any estimated tax for that year. Petitioner did not introduce any evidence that any of the statutory exceptions applies. Petitioner in his brief states that he "does not claim that the PRA relieves him of any responsibility to pay taxes which may be owed by him; but merely that he has no legal obligation to supply information to [respondent] which is required only by information collection requests which do not comply with the PRA." At the same time, petitioner argues that the imposition of additions to tax on the basis that he underpaid his estimated tax payments is prohibited by the PRA. In effect, petitioner contends that, although the PRA does not relieve him of his obligation to pay his estimated tax, it protects him from the application of penalties if he does not pay. Petitioner's argument is contradictory, illogical, and frivolous. Petitioner argues that, under the PRA, he had no duty to file a Form 1040 for 1985. He contends that if he had filed the return and paid the tax shown for 1985, respondent would not be seeking the penalty imposed by section 6654(a). *321 That does not follow, because the failure to pay estimated tax can result in a penalty even if the taxpayer timely files his Form 1040 and pays all of the tax for the year at that time. We find petitioner's argument to be completely without merit. Taxpayers must prepay their income tax either through employer withholding or payment of quarterly estimated tax payments. Neither method requires the filing of Form 1040. An employee taxpayer submits a Form W-4 to his employer so that the employer will withhold the proper amount from the taxpayer's wages. The employer then pays the withheld amount to the IRS. Individual taxpayers submit Form 1040-ES, entitled "Estimated Tax for Individuals", with their estimated tax payments. We take judicial notice of the fact that for 1985, the year at issue, instructions are printed on Forms W-4 and 1040-ES which display OMB control numbers 1545-0010 and 1545-0087, respectively, in the upper right-hand corners of the forms. Therefore, under any of petitioner's various arguments and theories, the PRA provides no protection for failure to make estimated tax payments. The PRA does not preclude the application of additions to tax under section *322 6654(a) for failure to pay estimated tax. Because petitioner has failed to show that any of the exceptions enumerated in section 6654 apply, we sustain respondent's determination as to the section 6654(a) addition to tax. Rule 142(a); Reaver v. Commissioner, 42 T.C. 72, 83 (1964). Petitioner is liable for additions to tax for failure to pay his estimated tax for the taxable year 1985. Negligence or Intentional Disregard of Rules or Regulations
Respondent determined an addition to tax for negligence or the intentional disregard of rules or regulations for each of the years at issue. For the 1984 and 1985 tax years, section 6653(a)(1) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations, and section 6653(a)(2) imposes an addition to tax of 50 percent of the interest due on that portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. For the 1986 tax year, the additions to tax are provided in section 6653(a)(1)(A) and (B). Negligence means lack of due care or failure to do what a reasonable and ordinarily prudent *323 person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of showing respondent's determinations to be erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Petitioner first argues that the imposition of this addition to tax is prohibited by the PRA. This argument is premised on petitioner's contention that the addition is a penalty within the meaning of the PRA, the imposition of the penalty is inexorably linked to the requirement to file a return, and he had no such duty to file. Petitioner failed to file an income tax return for each of the taxable years 1984, 1985, and 1986 and failed to pay estimated tax for taxable year 1985. Failure to pay estimated tax and failure to file returns disregard known legal duties. We have held above that the PRA does not prevent the application of additions for such failures. Similarly the PRA does not preclude the application of additions to tax for negligence or intentional disregard of rules or regulations. Petitioner argues *324 that even if he were wrong in his interpretation of the PRA, he was not negligent because the legislative history of the PRA reasonably supports his conclusion and no case law existed which could be seen as holding contrary to his position during the relevant years. Contrary to such assertions, as discussed above, the legislative history does not support petitioner's conclusion. Furthermore, at the time petitioner was required to file his return and pay his estimated taxes, the regulations and Forms 1040 satisfied any PRA requirement. Based on the record in this case, it is evident that petitioner intentionally disregarded rules or regulations, and petitioner has failed to show otherwise. We find that the entire underpayment of tax each year is attributable to petitioner's negligence or intentional disregard of rules or regulations. Accordingly, respondent's determinations under section 6653(a) are sustained. Petitioner is liable for such additions on the entire underpayment under section 6653(a)(1) and (2) for taxable years 1984 and 1985 and under section 6653(a)(1)(A) and (B) for taxable year 1986. Petitioner had sufficient tax withholding for the years 1984 and 1986 to eliminate *325 any underpayments for those years. However, for purposes of the negligence additions, such Federal tax withholding credits do not reduce the underpayments where the taxpayer, as here, fails to file tax returns. Secs. 31, 6211(a)(1)(A) and (b)(1), and 6653(c)(1). Imposition of Interest
Petitioner argues that the imposition of interest under section 6601(a) of the Internal Revenue Code constitutes a penalty within the meaning of section 3512 of the PRA. To the extent that petitioner's interest argument pertains to increased interest as a part of additions to tax, our prior discussion disposes of petitioner's arguments. To the extent that this interest argument pertains to statutory interest on the deficiencies and additions as redetermined by this Court, we have no jurisdiction. This Court does not generally have jurisdiction over interest. LTV Corp. v. Commissioner, 64 T.C. 589 (1975). Within 1 year after the date a decision of this Court becomes final under section 7481(a), after an assessment has been made and the entire amount of the deficiency plus interest has been paid, a taxpayer may petition the Tax Court for determination as to *326 the proper amount of interest. Sec. 7481(c). This Court has not entered a final decision in this case. Therefore, this Court is without jurisdiction to determine petitioner's liability for interest under section 6601. [9]
Credit or Refund for 1984 and 1986 Overpayments
Petitioner asserts that he is entitled to a credit or refund of his overpayment of Federal income tax for taxable year 1984 and 1986. Respondent argues that the statute of limitations for claiming a credit or refund for the taxable years 1984 and 1986 expired on April 15, 1987, and April 15, 1989, respectively. This Court has jurisdiction to determine the existence and *327 amount of any overpayment of tax to be credited or refunded for the years at issue. Sec. 6512(b)(1). The allowable credit or refund, however, is limited to the amount paid within certain limitations periods for filing a claim for credit or refund. Sec. 6512(b)(2) (now sec. 6512(b)(3)). Because petitioner did not file a return prior to respondent's issuance of the notices of deficiency for the years at issue, petitioner is entitled to a credit or refund only for amounts paid within 2 years of the date of mailing of the notices of deficiency. Allen v. Commissioner, 99 T.C. 475 (1992); Galuska v. Commissioner, 98 T.C. 661 (1992); Berry v. Commissioner, 97 T.C. 339 (1991); see also Braman v. Commissioner, T.C. Memo. 1992-636. Petitioner's 1984 and 1986 Federal income taxes were paid through withholding. Petitioner is deemed to have paid the withheld tax on April 15, 1985, and April 15, 1987, for the taxable years 1984 and 1986, respectively. Sec. 6513(b)(1). Thus, the period to timely file a refund claim expired on April 15, 1987, and April 15, 1989, for *328 taxable years 1984 and 1986, respectively. Respondent's notices of deficiency for those years were mailed on January 19, 1990. Petitioner would be entitled to a credit or refund ony for overpayments for 1984 or 1986 taxes made after January 19, 1988. Petitioner did not make any payments during such period. Petitioner does not dispute that the statute of limitations has expired, but argues that the denial of a refund based upon the nonfiling of a return is an impermissible penalty for exercising what he characterizes as his "duty" under the PRA. As this and numerous other courts have so often held, the PRA does not provide protection from filing tax returns or paying taxes. Similarly, we also hold that the PRA does not preclude denial of a refund or credit to petitioner for overpayment of his 1984 and 1986 Federal income taxes which is otherwise barred by the statute of limitations. Therefore, petitioner is not entitled to a credit or refund of any overpayment for taxable years 1984 and 1986. Section 6673 Penalty
Respondent filed a motion for a penalty pursuant to section 6673(a)(1). Whenever it appears to this Court that a taxpayer's position in a proceeding is frivolous *329 or groundless, or that the proceeding was instituted or maintained by the taxpayer primarily for delay, this Court may require the taxpayer to pay to the United States a penalty in an amount not in excess of $ 25,000. Sec. 6673(a)(1). The purpose of section 6673(a)(1) is to compel a taxpayer to think and to conform his conduct to settled principles before he litigates or continues to maintain the proceeding. A petition to the Tax Court is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). The record in this case establishes that petitioner has had no interest in disputing the merits of either the deficiencies or additions to tax determined by respondent. Petitioner has never contested the substantive tax issues in this case that relate to the correct determination of his income and deductions for the years in issue and various additions to tax. On May 1, 1991, this Court issued a memorandum opinion in Currier v. Commissioner, T.C. Memo. 1991-194, in which we imposed a penalty under section *330 6673(a) in the amount of $ 5,000 after concluding that the same arguments as those made by petitioner lacked any basis in fact or law and were legally frivolous. At the calendar call for this case, respondent's counsel stated that she had sent petitioner a copy of this Court's Currier opinion and had warned petitioner that if he continued to pursue his PRA arguments, respondent would seek a penalty under section 6673(a). Because petitioner chose to pursue the matter, respondent filed a motion for a penalty under section 6673 on the grounds that petitioner had instituted and was maintaining this proceeding primarily for delay and that petitioner's position with respect to the PRA is frivolous or groundless. Thereafter, petitioner filed his opening brief in this Court. Petitioner's opening brief repeated almost verbatim his arguments as previously presented in his trial memorandum. One week prior to petitioner's filing of his opening brief, the United States Court of Appeals for the Ninth Circuit issued its decisions in United States v. Hicks, 947 F.2d 1356 (9th Cir. 1991), and United States v. Bentson, 947 F.2d 1353 (9th Cir. 1991). *331 Thereafter, petitioner filed his reply brief which evidences his awareness and knowledge of Hicks and Bentson, as well as numerous other cases rejecting similar PRA arguments. Petitioner has since filed a motion to allow the filing of a supplemental brief, together with a further 19-page brief citing additional cases in which his PRA arguments have again been rejected by this and other courts. Petitioner has not and cannot cite any tax case in which his arguments have prevailed. In this proceeding he has merely cited to the Court most of the decided tax cases involving the PRA, none of which supports his claim. He has cited voluminous other materials, none of which, taken in context and considered as a whole, supports his position. For the many opinions contrary to his arguments petitioner characterizes them as "No discussion of merits - merely cites contrary authority." Apparently petitioner believes each court opinion must replow this well plowed ground once again. We are confronted here with a taxpayer who simply refuses to accept the judgments of this and other courts. Apparently working from some type of canned brief or handbook, petitioner advances the same discredited *332 arguments. We find that petitioner lacked any arguable basis in fact or law to argue that the regulations and the Form 1040 instruction booklets did not comply with the PRA. Petitioner continues to raise the same unfounded arguments that this Court and others have repeatedly rejected. He urges that this Court "should not be diverted by the anticipated argument that it is sufficient that the Form 1040 itself display an OMB control number, nor by ill-conceived decisions drawing the same conclusion." It is petitioner's claims regarding the PRA that are ill-conceived; his arguments are meritless and in many other cases we have held that they warrant imposition of sanctions. [10]
*333 The only distinctions we can draw between petitioner and other litigants on whom we have imposed sanctions is that petitioner does not advance any of the other typical tax-protester arguments that are frequently intermingled in other PRA cases, and petitioner now concedes he is liable for and must pay his taxes. However, we do not think that is sufficient to save him from a penalty under section 6673(a)(1). Petitioner could have settled his case prior to calendar call after reviewing this Court's Currier v. Commissioner, supra, opinion or prior to filing his reply brief after reviewing the Ninth Circuit's decisions in United States v. Hicks, supra, and Benston v. United States, supra, and avoided the imposition of section 6673 damages. Petitioner preferred, however, to continue to press his universally rejected arguments. Petitioner's voluminous trial memorandum, briefs, and other paperwork submitted to this Court do not persuade us that his position is anything other than legally frivolous and groundless. Petitioner's assertions have resulted in the unwarranted waste of valuable governmental and judicial *334 resources. Respondent's motion will be granted, and we will require petitioner to pay to the United States a penalty in the amount of $ 10,000. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Petitioner had already submitted a 62-page trial memorandum, plus voluminous attachments and exhibits thereto.↩
2. 44 U.S.C. sec. 3512 (1988) is referred to as the public protection provision and provides: Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to maintain or provide information to any agency if the information collection request involved was made after December 31, 1981, and does not display a current control number assigned by the Director, or fails to state that such request is not subject to this chapter.↩
3. McCart v. Commissioner, T.C. Memo. 1993-96 (PRA arguments rejected as "shopworn, tax-protester arguments"); McDougall v. Commissioner, T.C. Memo. 1992-683 (Alleged technical defects in tax forms found without merit); McDonald v. Commissioner, T.C. Memo. 1992-586 (Taxpayer's argument that the regulations, forms, and instructions used by the IRS violated PRA because they do not have proper OMB control numbers and expiration dates is frivolous); Roth v. Commissioner, T.C. Memo. 1992-563 (Tax protester's arguments, including claim that IRS forms did not conform to PRA requirements, are without merit); Pekrul v. Commissioner, T.C. Memo. 1992-455, affd. without published opinion    F.2d     (9th Cir. 1993) (Taxpayers' arguments concerning the illegality of forms, regulations, instruction booklets, and expiration dates, under the PRA are entirely without basis in fact); Hyde v. Commissioner, T.C. Memo. 1992-419 (Taxpayer's claim that the Forms 1040 did not display correct OMB control numbers and, therefore, could be disregarded without penalty has no merit); DiCarlo v. Commissioner, T.C. Memo. 1992-280, affd. without published opinion 978 F.2d 716 (9th Cir. 1992) (Instruction booklets and instructions for preparing Form 1040 are not information collection requests); Ferguson v. Commissioner, T.C. Memo. 1992-95, affd. without published opinion    F.2d     (9th Cir. 1993) (PRA does not apply to either regulations or instructions accompanying Federal tax forms because such documents are not information collection requests); Smith v. Commissioner, T.C. Memo. 1991-612, affd. 978 F.2d 716 (9th Cir. 1992) (Taxpayers' argument that tax forms violated PRA is frivolous); Schramm v. Commissioner, T.C. Memo. 1991-523, affd. without published opinion 988 F.2d 121 (9th Cir. 1993) (Taxpayer's argument that he was relieved under the PRA of his obligation to report his income is inapposite since IRS has obtained OMB approval and control numbers have been assigned to the forms and regulations); Nulsen v. Commissioner, T.C. Memo. 1991-495 (Instruction booklet does not need OMB number); Schott v. Commissioner, T.C. Memo. 1991-457 (Tax returns, regulations, and notices of deficiency are not invalid under the PRA); Partos v. Commissioner, T.C. Memo. 1991-408 (OMB number arguments are frivolous and groundless protester allegations); Currier v. Commissioner, T.C. Memo. 1991-194 (Taxpayer's claim that Form 1040 is invalid because the instructions failed to display OMB control numbers held frivolous); Allnutt v. Commissioner, T.C. Memo. 1991-6, affd. without published opinion 956 F.2d 1162 (4th Cir. 1992), cert. denied     U.S.    , 113 S. Ct. 57 (Oct. 5, 1992) (Taxpayer's argument that failure of certain regulations to display OMB control numbers limited the information required to be included on tax return to income derived from options is frivolous); Warden v. Commissioner, T.C. Memo. 1990-321 (Taxpayer's argument that she failed to file return because Form 1040 did not display an OMB control number in upper right corner and therefore violated PRA is frivolous); Beam v. Commissioner, T.C. Memo. 1990-304, affd. without published opinion 956 F.2d 1166 (9th Cir. 1992), cert. denied     U.S.    , 113 S. Ct. 81 (Oct. 5, 1992) (Taxpayers' "OMB number" defense does not relieve them of their obligation to report and pay their income tax); Cauvel v. Commissioner, T.C. Memo. 1989-547 (Taxpayer's protester-type arguments, including lack of an OMB approval number required under the PRA, are frivolous and groundless); Taylor v. Commissioner, T.C. Memo. 1987-266↩ (Taxpayer's arguments, including failure of Form 1040 to meet the requirement of the PRA, are either irrelevant to the existence of a deficiency or totally without merit).
4. United States v. Saunders, 951 F.2d 1065 (9th Cir. 1991) (PRA does not relieve individual from obligation to respond to summonses lacking OMB control numbers); United States v. Hicks, 947 F.2d 1356 (9th Cir. 1991) (PRA does not constitute a defense to prosecution for failing to file Federal income tax returns); United States v. Bentson, 947 F.2d 1353 (9th Cir. 1991), cert. denied     U.S.    , 112 S. Ct. 2310 (June 1, 1992) (The public protection provision of the PRA does not constitute a defense to prosecution under section 7203↩ for failure to file income tax return).
5. James v. United States, 970 F.2d 750 (10th Cir. 1992) (Lack of an OMB number on IRS notices and forms does not violate the PRA); Salberg v. United States, 969 F.2d 379 (7th Cir. 1992) (Failure to display an expiration date on Form 1040 does not violate the PRA; even if the PRA requires an expiration date, designation of applicable year on tax return is sufficient to satisfy any expiration date requirement; statutes are not subject to the PRA; regulations and the instruction books promulgated by the IRS are not within the scope of the PRA); United States v. Ryan, 969 F.2d 238 (7th Cir. 1992) (PRA is not applicable to instruction booklets); United States v. Holden, 963 F.2d 1114 (8th Cir. 1992), cert. denied     U.S.    , 113 S. Ct. 419 (Nov. 2, 1992) (Instruction booklets are not required to display an OMB number); United States v. Neff, 954 F.2d 698 (11th Cir. 1992) (Congress created duty to file return in section 6012(a), and nowhere did Congress condition this duty on any Treasury regulation); United States v. Dawes, 951 F.2d 1189 (10th Cir. 1991) (Tax regulations and instruction booklets are not information collection requests and are not required to carry OMB numbers); United States v. Kerwin, 945 F.2d 92 (5th Cir. 1991) (PRA does not apply to the statutory requirement that a taxpayer must file a return); United States v. Collins, 920 F.2d 619 (10th Cir. 1990), cert. denied 111 S. Ct. 2022 (May 13, 1991) (Defendant's argument that Forms 1040 lacked expiration dates and, therefore, failed to comply with PRA is legally frivolous); Lonsdale v. United States, 919 F.2d 1440 (10th Cir. 1990) (Alleged failure to comply with the PRA provides no basis for avoiding the levies imposed on the taxpayers' assets); United States v. Wunder, 919 F.2d 34 (6th Cir. 1990) (Regulations do not need OMB control number because the requirement to file a tax return is mandated by statute and not by regulation; the PRA does not apply to the statutory requirement, but only to the forms themselves, which contained the appropriate numbers). Other circuits have affirmed, in unpublished opinions, similar findings by the trial courts. See Allnutt v. Commissioner, 956 F.2d 1162 (4th Cir. 1992), affg. T.C. Memo. 1991-6; Johnston v. United States, 915 F.2d 1557↩ (1st Cir. 1990), affg. unreported District Court decision. We are mindful that under rules of various courts of appeals, such unpublished opinions are not to be cited; we include them only for completeness since petitioner cited them to us.
6. United States v. Bartrug, 777 F. Supp. 1290 (E.D. Va. 1991), affd. without published opinion 976 F.2d 727 (4th Cir. 1992), cert. denied     U.S.    , 113 S. Ct. 1659 (Mar. 29, 1993); United States v. Schweitzer, 775 F. Supp. 1355 (D. Mont. 1991); United States v. Burdett, 768 F. Supp. 409 (E.D. N.Y. 1991); United States v. Pottorf, 769 F. Supp. 1176 (D. Kan. 1991); Brewer v. United States, 764 F. Supp. 309 (S.D. N.Y. 1991); United States v. Stiner, 765 F. Supp. 663 (D. Kan. 1991) affd. without published opinion 952 F.2d 1401 (10th Cir. 1992); United States v. Karlin, 762 F. Supp. 911 (D. Kan. 1991); United States v. Crocker, 753 F. Supp. 1209↩ (D. Del. 1991).
7. This is unlike the cases where the duty, which the individual is charged with violating, was imposed by an agency regulation that should have been but was not submitted to OMB. United States v. Hatch, 919 F.2d 1394 (9th Cir. 1990); United States v. Smith, 866 F.2d 1092↩ (9th Cir. 1989). In those cases the individuals were prosecuted for failure to file a Plan of Operations pursuant to a Forest Service regulation. That regulation was an information collection request within the meaning of the PRA which did not bear the required OMB number, and consequently the individuals could not be charged with failing to file a Plan of Operations.
8. As codified at 44 U.S.C. sec. 3501 (1988), the purposes of the PRA are: (1) to minimize the Federal paperwork burden for individuals, small businesses, State and local governments, and other persons; (2) to minimize the cost to the Federal Government of collecting, maintaining, using, and disseminating information; (3) to maximize the usefulness of information collected, maintained, and disseminated by the Federal Government; (4) to coordinate, integrate and, to the extent practicable and appropriate, make uniform Federal information policies and practices; (5) to ensure that automatic data processing, telecommunications, and other information technologies are acquired and used by the Federal Government in a manner which improves service delivery and program management, increases productivity, improves the quality of decisionmaking, reduces waste and fraud, and wherever practicable and appropriate, reduces the information processing burden for the Federal Government and for persons who provide information to and for the Federal Government; and (6) to ensure that the collection, maintenance, use and dissemination of information by the Federal Government is consistent with applicable laws relating to confidentiality, including section 552a of title 5, United States Code↩, known as the Privacy Act.
9. We note that interest is payment for the use or forbearance of money, Deputy v. du Pont, 308 U.S. 488↩ (1940), and normally would not be regarded as a "penalty". Also petitioner agrees that he is obligated to pay his taxes, and he has not suggested any reason why the Government should not receive interest for his delay in paying his taxes.
10. McDonald v. Commissioner, T.C. Memo. 1992-586 ($ 5,000 penalty imposed); Pekrul v. Commissioner, T.C. Memo. 1992-455 ($ 2,500 penalty imposed); DiCarlo v. Commissioner, T.C. Memo. 1992-280 ($ 2,000 penalty imposed); Smith v. Commissioner, T.C. Memo. 1991-612 ($ 10,000 penalty imposed); Schramm v. Commissioner, T.C. Memo. 1991-523 ($ 5,000 penalty imposed for each of the years at issue for a total of $ 10,000); Partos v. Commissioner, T.C. Memo. 1991-408 ($ 2,500 penalty imposed); Currier v. Commissioner, T.C. Memo. 1991-194 ($ 5,000 penalty imposed); Allnutt v. Commissioner, T.C. Memo. 1991-6, affd. without published opinion, 956 F.2d 1162 (4th Cir. 1992) (although normally reluctant to impose penalty under section 6673↩ in fraud case, $ 25,000 penalty imposed).